Micah R. Jacobs (State Bar No. 174630)
MBV LAW LLP
855 Front Street
San Francisco, California 94111
Telephone:  415-781-4400
Facsimile:  415-989-5143
E-mail:  mjacobs@mbvlaw.com

Sanjiv N. Singh (State Bar No. 193525)
SANJIV N. SINGH, A PROFESSIONAL LAW CORPORATION
P.O. Box 225815
San Francisco CA, 94122
Telephone:  415-816-5548
E-mail:  ssingh@sanjivnsingh.com

Attorneys for Plaintiffs
MANDANA D. FARHANG and M.A. MOBILE LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| M.A. MOBILE LTD., a limited liability company chartered in Dominica; and MANDANA D. FARHANG,<br><br>Plaintiffs,<br><br>v.<br><br>INDIAN INSTITUTE OF TECHNOLOGY KHARAGPUR, an Indian Institute of Technology incorporated under the "Institutes of Technology Act, 1961"; TECHNOLOGY ENTERPRENEURSHIP AND TRAINING SOCIETY, an Indian society; PARTHA P. CHAKRABARTI; PALLAB DASGUPTA; GURASHISH S. BRAR; RAKESH GUPTA; PRAVANJAN CHOUDHRY; SUBRAT PANDA; ANIMESH NASKAR, and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. C-08-02658-RMW (HRL)<br><br>**PLAINTIFFS' CONSOLIDATED OPPOSITION TO (1) DEFENDANT GURASHISH S. BRAR'S MOTION TO DISMISS SECOND AMENDED COMPLAINT FOR DELAY IN PROSECUTION (FED. R. CIV. PR. 41(B)), AND(2) DEFENDANT INDIAN INSTITUTE OF TECHNOLOGY KHARAGPUR'S MOTION TO DISMISS SECOND AMENDED COMPLAINT FOR DELAY IN PROSECUTION AND INSUFFICIENT SERVICE OF PROCESS**<br><br>**MOTION FOR ORDER PURSUANT TO FED. R. CIV. PR. 4(F)(3)** |

| | |
|---|---|
| Date: | May 28, 2010 |
| Time: | 9:00 a.m. |
| Dept.: | Courtroom 6, 4th Floor |
| Judge: | Honorable Ronald M. Whyte |

# TABLE OF CONTENTS

I.      INTRODUCTION..................................................................................................1

II.     FACTUAL AND PROCEDURAL OVERVIEW OF PLAINTIFF'S DILIGENCE IN
        PURSUING SERVICE AND PROSECUTING THIS ACTION ................................2

    A.  Plaintiffs Were Diligent in Effecting Service and Prosecuting This Action .................2

    B.  Brar was Personally Served and His Counsel was Served With the SAC and Yet He
        Appears to be in Default ...........................................................................4

III.    ARGUMENT .......................................................................................................5

    A.  Plaintiff Has Not Delayed Prosecution of Its Claims, Filing Its Complaint Within a
        Reasonable Period Of Time and Aggressively Pursuing Service of Process Despite
        Challenging and Unusual Circumstances .........................................................5

    B.  Plaintiff Has Complied With Her Service Obligations Under Rule 4(f)(1) and/or the
        Hague Convention and is Now Awaiting Long Overdue Confirmation from the
        Clearly Unresponsive Ministry of Law and Justice in India..............................7

    C.  Motion for Relief Under FRCP 4 ..................................................................9

IV.     CONCLUSION...................................................................................................11

MBV LAW LLP
855 FRONT STREET
SAN FRANCISCO CA 94111

OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS FOR DELAY IN PROSECUTION – CASE No. C-08-
02658-RMW (HRL)

429230.DOC

1

## TABLE OF AUTHORITIES

2

**Cases**

3

*Anderson v. Air West, Inc.* 542 F.2d 522, 524 (9th Circuit 1976)....................................5, 7

4

*Dewey v. Farchone* 460 F.2d (7th Cir. 1972) ................................................................6, 7

5

*Henderson v. Duncan* 779 F.2d 1421, 1423 (9th Cir. 1986),.........................................5, 7

6

*Mayoral-Amy v. BHI Corp.,* 180 F.R.D. 456, 459 n.4 (S.D.Fla.1998) ...........................10

7

*Rio Properties, Inc. v. Rio Intern. Interlink,* 284 F.3d 1007, 1014 (9th Cir. 2002) ...................10

8

**Rules**

9

Federal Rules of Civil Procedure 41(b) ..........................................................................1

10

Rule 41(b) ......................................................................................................................5

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

M B V   L A W   L L P
855 FRONT STREET
SAN FRANCISCO   CA 94111

OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS FOR DELAY IN PROSECUTION – CASE No. C-08-02658-RMW (HRL)

429230.DOC

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2  **I.    INTRODUCTION**

3       In this Memorandum Plaintiffs oppose both:

4       (1)    Defendant Gurashish S. Brar's Motion to Dismiss Second Amended Complaint

5  for Delay in Prosecution (Fed. R. Civ. Pr. 41(b)), e-filed with the Court on April 14, 2010

6  (hereinafter the "Brar Motion") (Docket [hereinafter "Dkt."] No. 124); and

7       (2)    Defendant Indian Institute of Technology Kharagpur's Motion To Dismiss Second

8  Amended Complaint For Delay In Prosecution and Insufficient Service of Process, e-filed with

9  the Court on April 14, 2010 (hereinafter the "TIETS Motion") (Dkt. No. 126.)

10       Plaintiffs' have consolidated their Opposition to these two closely related Motions

11  because both Motions relate to the identical nucleus of facts in connection with Plaintiffs diligent

12  efforts to serve Defendants and prosecute claims against them.  Both the Brar Motion and the

13  TIETS Motion should be <u>denied</u>.

14       Plaintiff Mandana Farhang has taken extraordinary steps to serve all of the Defendants,

15  and that both IITK and Defendant Brar have admittedly been served.

16       The evidence also shows that Plaintiff has fully complied with the terms of the Hague

17  Convention, and that it is the failure by the Indian Ministry to *confirm* service in a timely manner,

18  which is beyond the control of Plaintiff and does not in any manner indicate insufficiency of

19  process or delay in prosecution, that has created this issue.  Moreover, whether the Indian Central

20  Authority finally does its job or not of confirming the service of process, it is clear that many of

21  the individual Defendants in India and TIETS were very likely served at their IITK address at the

22  same time that IITK was served and/or very likely have notice of the action regardless of

23  Plaintiffs receiving any confirmation of their service.

24       Any delay in connection with Defendant Brar was due to his own late-disclosed move to

25  the United States, of which Plaintiffs had no reasonable basis to discover until June of 2009 when

26  Plaintiff filed the First Amended Complaint.  Declaration of Mandana Farhang ("Farhang Decl.")

27  ¶¶ 9-10.  In summary, Plaintiff has taken all possible and required steps to serve all Defendants

28  at this time.  Brar was served, requested and was granted a stay to respond, but then he never

OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS FOR DELAY IN PROSECUTION – CASE NO. C-08-02658-RMW (HRL)

429230.DOC

MBV LAW LLP
855 FRONT STREET
SAN FRANCISCO CA 94111

1   appeared.  Plaintiffs submit that Brar received service of the Second Amended Complaint and

2   should have responded thereto along with IITK.

3   **II.    FACTUAL AND PROCEDURAL OVERVIEW OF PLAINTIFF'S DILIGENCE IN
        PURSUING SERVICE AND PROSECUTING THIS ACTION**

4

5        **A.    Plaintiffs Were Diligent in Effecting Service and Prosecuting This Action**

6        Plaintiff filed her Original Complaint on May 27, 2008.  (Docket No. 1.)  Because

7   Plaintiff was representing herself *pro se* at this time and was significantly depleted of resources,

8   she submitted a Request for Continuance to the presiding Magistrate so that she could learn and

9   execute the enormous and not insignificant task of serving a foreign government and the nine

10  Indian based Defendants.  (Docket No. 3)  The first Request for Continuance was accepted by

11  then presiding Magistrate Judge Lloyd until December 2008.  A second Request for Continuance

12  resulted in Plaintiff appearing before the Magistrate and presenting evidence of her diligence.

13  (Docket No. 5.).

14       By March, 2009, Plaintiffs had complied with the terms of the Hague Convention,

15  depositing all of the original summons and documents required for service for all of the

16  Defendants with the appropriate Central Authority in India, namely the Ministry of Law and

17  Justice.  Specifically, on March 9, 2009, Process Forwarding International prepared, certified and

18  deposited via Federal Express all service documents for all individual Indian Defendants and

19  TIETS at the Central Authority in India; proof of this delivery is attached to the Farhang

20  Declaration as Exhibit A.

21       On March 13, 2009, an identical package prepared for service of IITK was delivered to

22  the same Central Authority in India; proof of this delivery is attached as part of Exhibit A of the

23  Farhang Declaration.

24       During this same time period, Plaintiffs submitted to the then presiding U.S. Magistrate

25  two third-party declarations verifying her extensive efforts to comply with the Hague

26  Convention.  Farhang Decl., Exs. D and E.   The first Declaration was issued by Indian counsel

27  she engaged to assist with service of process, which confirmed that he would check with the

28  Indian Central Authority from time to time as to the status of service of the summons.  He

OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS FOR DELAY IN PROSECUTION – CASE NO. C-08-
02658-RMW (HRL)

429230.DOC

1   indicated that the process was at a point out of Farhang's control. (Docket No. 20.)  The second

2   declaration was issued by Process Forwarding International, the same entity that reportedly is

3   used by the U.S. State Department for foreign service matters.  That declaration confirmed what

4   Plaintiff had already submitted to the Court regarding the known backlog and delay at the Central

5   Authority in India, and also confirmed that it was out of Plaintiffs' control to expedite the service

6   of process any further.  (Docket No. 19.)

7        By April 7, 2009, IITK was served and it voluntarily entered the action that same month,

8   requesting extended time to respond to the Original Complaint.  Plaintiff served IITK in less than

9   one year, which by international standards for service of foreign defendants in India was within a

10  reasonable period of time. (Docket No. 19, 20.)  It should be noted that IITK clearly received the

11  summons sent to the Central Authority on March 13th, although the Central Authority has refused

12  since that time to confirm service upon or otherwise to serve the remaining defendants.  Farhang

13  Decl., ¶¶ 2-3, Ex. F; *see also* Docket No. 25.

14       Despite clear evidence of Ms. Farhang's submission of all of PFI's packets to the Central

15  Authority, which actions clearly conformed with Hague Convention provisions <u>and</u> resulted in

16  service of IITK, the Indian Central Authority has been completely non responsive for what

17  should have been a routine confirmation of the service upon TIETS and the other Indian based

18  individual defendants.  Farhang Decl., ¶ 6.

19       On October 12, 2009, after several telephonic attempts by her local Indian counsel to

20  obtain information, Plaintiff sent a comprehensive outline of her diligence to comply with the

21  Hague Convention and specific request for cooperation to the Central Authority.  Farhang Decl.,

22  ¶ 7, Ex. F.  The Letter to the Central Authority offers documentary proof that the PFI packages

23  were received by the Central Authority and documentary proof that the Central Authority acted

24  on the IITK packet. *Id.* The Letter to Central Authority also addresses the whereabouts of each

25  defendant, specifically noting that Defendant TIETS (the IITK Incubation Society), Defendant

26  Chakrabarti (who is indeed a high level IITK Dean who spends most of his time on the IITK

27  campus), Defendant Dasgupta (a similarly situated high level professor at IITK) and Defendant

28  Naskar could all be found on the IITK campus. Farhang Decl., Ex. F.   The Letter to Central

OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS FOR DELAY IN PROSECUTION – CASE NO. C-08-
02658-RMW (HRL)

429230.DOC

1   Authority points out that said Defendants' location on the IITK campus makes it logical to

2   assume that if IITK was served as an entity shortly after receipt of the PFI package, it should

3   logically follow that these other four Defendants should have been served around the same time.

4   The Letter to Central Authority then offers significant detailed information as to the obvious

5   whereabouts of the other Defendants in India and also notified the Central Authority of

6   Defendant Brar's recently discovered move to the United States. *Id.*

7          Despite strict compliance with the terms of the Hague Convention, India's Central

8   Authority has either failed to comply with its obligations under treaty or has simply failed to

9   confirm service, perhaps due to its notorious track record for delay and backlog with routine

10  paper work or perhaps because of pressure by IITK not to complete service.  Plaintiff has no

11  further obligations in connection with the Hague Convention and, contrary to the inaccurate

12  assertions of defense counsel, has expended considerable effort, time and money to serve the

13  Defendants.

14      **B.    Brar was Personally Served and His Counsel was Served With the SAC and
              Yet He Appears to be in Default**

15         With regards to Defendant Brar, as noted in the Letter to Central Authority, Plaintiff

16  learned in June 2009 that Defendant Brar had relocated to the United States.  Farhang Decl., ¶¶ 9-

17  10.  Upon learning of this, Plaintiff took prompt action to serve Defendant Brar, serving him well

18  within the 120 day limit, despite significant challenges with the security at this workplace which

19  made it quire difficult to serve Defendant without intervention of peace officers. *Id.*  Defendant

20  Brar was served in the State of Washington on October 27, 2009 by a sheriff at the Microsoft

21  Campus in Redmond, WA.  *Id.*, Ex. G.  Thus, the alleged unreasonable delay to serve Defendant

22  Brar must be viewed fairly in light of the fact that his last known address was in India until June

23  of 2009, and it was only later realized, not due to any oversight by Plaintiff, but rather to constant

24  diligence, that he was working and residing in the United States. Farhang Decl., ¶¶ 9-10.

25         Indeed, at the October 30, 2009 hearing on IITK's Motion to Dismiss, Brar's counsel

26  asked for a stay of Brar's obligation to respond to the First Amended Complaint until IITK's

27  Motion to Dismiss was resolved.  The Court granted that request, and then later denied IITK's

OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS FOR DELAY IN PROSECUTION – CASE NO. C-08-
02658-RMW (HRL)

429230.DOC

1    Motion to Dismiss, thereby vacating the stay. Thus, by the time Plaintiff served her SAC, the

2    stay as to Brar was lifted and e-service upon Mr. Chatterjee should have been effective as to Brar

3    as it was to IITK.

4    **III.    ARGUMENT**

5            A.    **Plaintiff Has Not Delayed Prosecution of Its Claims, Filing Its Complaint
                  Within a Reasonable Period Of Time and Aggressively Pursuing Service of**

6                 **Process Despite Challenging and Unusual Circumstances**

7            Rule 41(b) provides: "If the plaintiff fails to prosecute. . . a defendant may move to

8    dismiss the action or any claim against it." FRCP 41(b). Numerous Ninth Circuit cases have

9    interpreted application of Rule 41(b), all of which point to egregious delays of prosecution quite

10   dissimilar to the actions in this case. For example, in *Anderson v. Air West, Inc.* 542 F.2d 522,

11   524 (9th Cir. 1976), a dismissal on grounds of Rule 41(b) was upheld where the plaintiff, a

12   shareholder bringing claims against defendant Air West, Inc., had not even attempted to serve

13   multiple directors even after she obtained the addresses of the directors via interrogatory

14   responses. *Id.*. It should be noted that the *Anderson* case did not involve international

15   defendants, and the Court found that the plaintiff's delay in service was "willful" with no

16   compelling explanation for failure to serve the defendants. *Id* at 525. The plaintiff in *Anderson*

17   explained her actions by stating to the appellate court that "no one was intensely gearing up for

18   this litigation prior to appellees' service". *Id* at 525.

19           Other Ninth Circuit cases demonstrate a similar pattern of willful or egregious acts of

20   delay. In *Henderson v. Duncan* 779 F.2d 1421, 1423 (9th Cir. 1986), a Rule 41(b) dismissal was

21   issued and upheld on appeal where plaintiff's counsel repeatedly disregarded deadlines set by the

22   presiding court and three warnings by the presiding court of possible dismissal had been issued.

23   *Id.* at 1423. In *Dewey v. Farchone* 460 F.2d (7th Cir. 1972), cited by the Defendants for the

24   proposition that indefinite delay of service undercuts fundamental protections afforded to

25   defendants by the statute of limitations, the delay in service and the timing of the filing of the

26   complaint were egregious. *Id.*. The complaint was a personal injury claim involving a car

27   collision, where mitigation of damages had little relevance, and yet the claim was filed close to

28   the expiration of the statute of limitations. *Id* at 1339-1341. More compellingly, there was no

M B V   L A W   L L P
8 5 5   F R O N T   S T R E E T
S A N   F R A N C I S C O   C A   9 4 1 1 1

1   reason whatsoever cited by plaintiffs for their delay and there was no finding of reasonable

2   diligence. *Id* at 1341.

3       Defendant may move under FRCP 41(b) to dismiss an action if the plaintiff fails to

4   prosecute. The cases cited involve willful delay, egregious lack of reasonable diligence, and did

5   not involve the unusual and challenging circumstances surrounding prosecution of claims against

6   international defendants, including defendants aided by a large government entity. Neither in

7   connection with Defendant Brar, Defendant TIET, or any of the Individual Indian Defendants has

8   Plaintiff failed to prosecute its claims. Unlike any of the cases cited by Defendants, Plaintiff has

9   demonstrated reasonable, and in some instances heroic, diligence in service of process on all

10  Defendants.

11      As documented above, Plaintiff was diligent in her efforts to comply with the Hague

12  Convention to serve Defendant TIETS and the other individual Indian Defendants. That the

13  Central Authority in India has not confirmed service--despite repeated requests and despite

14  unequivocal evidence the Central Authority received the original summons and appropriate

15  request for service documentation—does not constitute a failure to prosecute by Plaintiff. As for

16  Defendants' arguments regarding the statute of limitations, they are not supported by fact and it

17  should also be noted that it was well within Plaintiffs' rights to wait until the latter portion of the

18  two year statutory period, particularly where there is a wealth of evidence she was trying to

19  mitigate loss, and where there is clear evidence that the most egregious aspects of breach relating

20  to fraud and trade secret misappropriation did not reveal themselves in full until 2007 and 2008.

21  SAC ¶¶ 47, 48, 49, 65.

22      Similarly, and for much of the same reasons, Plaintiff has not failed to prosecute claims

23  against Defendant Brar. Defendant Brar moved from India to the United States and reason to

24  search for a new address was not readily known or discoverable to Plaintiff until many months

25  after filing of the Original Complaint. Farhang Decl., ¶¶ 9-10. Efforts to serve Defendant Brar

26  as an Indian resident had been made at the same time Plaintiff was serving the other Indian

27  residents. The fact that it took more time than anticipated to ultimately serve Defendant Brar

28  only stems from the fact Plaintiffs had to reinitiate service once it was determined that he had

429230.DOC

1  moved to the United States, and he was served within 4 months of that discovery. Farhang Decl.

2  Ex. G.   Moreover, as noted above, Defendant Brar has suffered no real prejudice in the matter as

3  a result of this understandable delay in service because his counsel requested a stay while this

4  Court addressed Plaintiff's Motion to Disqualify Counsel and IITK's Motion to Dismiss.  Thus,

5  the Court stayed any action against Brar and his time to respond until those matters were

6  resolved.  They were resolved, and Brar's counsel was served with the SAC on behalf of both

7  IITK and Brar.  He is now in default.

8       It should also be noted that unlike any of the plaintiffs in *Anderson*,  *Henderson*, or

9  *Dewey*, Plaintiff here offered and is offering meaningful explanations and updates to the Court of

10  her efforts to move prosecution at a reasonable pace.  (Docket Nos. 3, 5, 8, 19, 20.)  Moreover, as

11  articulated above, she has now offered clear documentary evidence demonstrating her timely and

12  thorough compliance with the Hague Convention in serving all of the Indian Defendants.

13       **B.      Plaintiff Has Complied With Her Service Obligations Under Rule 4(f)(1)
                  and/or the Hague Convention and is Now Awaiting Long Overdue**
14                **Confirmation from the Clearly Unresponsive Ministry of Law and Justice in
                  India**
15       In connection with service of foreign defendants in India, Rule 4(f)(1) requires service by

16  compliance with the Hague Convention on the Service Abroad of Judicial and Extrajudicial

17  Documents.  FRCP 4(f)(1);  see also *Convention On The Service Abroad of Judicial and*   .

18  *Extrajudicial Documents in Civil or Commercial* (15 November 1965).  Relevant Articles of the

19  Hague Convention provide in considerable detail the procedure to be followed by plaintiffs for

20  serving defendants via the appropriate Central Authority within the jurisdiction where service of

21  process is sought. *Convention on The Service Abroad of Judicial and Extrajudicial Documents*

22  *in Civil or Commercial* (15 November 1965), Article 3 – 6.   In the case of India, the relevant

23  Central Authority is the Ministry of Law and Justice.  (Docket No. 20)   The Republic of India,

24  while party to the Hague Convention, specifically prohibits the provisions of Article 10, which

25  would otherwise permit alternative service through use of international registered airmail where

26  service via the Central Authority has failed.  (Docket No. 20)

27       Rule 4(m) provides that all U.S. based defendants should be served within 120 days,

28

OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS FOR DELAY IN PROSECUTION – CASE NO. C-08-
02658-RMW (HRL)
429230.DOC

though extension may be granted for good cause. FRCP 4(m) does not apply to foreign

defendants, although that express exemption to the 120 day rule for foreign defendants does not

give a plaintiff license for unlimited delay. A review of the relevant jurisprudence however

demonstrates that the cases cited by Defendant have been inadequately and somewhat

suspiciously cited. Defendants' description of the jurisprudence appeared remarkably similar—

indeed, word for word similar-- to the words of Honorable Judge Burton R. Lifland, a United

States Bankruptcy Judge presiding over the administration of the infamous collapsed Madoff

regime, except that Defendant failed to include one key phrase from Judge Lifland's opinion

Otherwise, Defendants then repeated word-for-word his language, but they failed to include the

part in **boldface** below:

> "This exclusion "does not mean that the plaintiff enjoys an
> unlimited amount of time to effectuate service;" **however,
> a plaintiff is entitled to a "reasonable time" to exercise
> due diligence to serve the foreign defendant.** *Savage &
> Assoc., P.C. v. Banda 26, S.A. (In re Teligent, Inc.),* Nos.
> 01-12974, 03-3577, 2004 WL 724945, at *3 (Bankr
> S.D.N.Y. Mar. 30, 2004); *see also Off. Comm. Unsec.
> Cred. v. Mittemyer (In re Southold Dev. Corp.),* 148 B.R.
> 726, 730 (E.D.N.Y. 1992) (finding that where the 120-day
> time limit does not apply, a court has discretion to dismiss a
> complaint if defendant is not properly served within a
> reasonable time)." *Picard v. Cohmad Securities
> Corporation ( In re Bernard Madoff Securities LLC ),* Adv.
> Pro. No. 09-1305 (BRL), (Bankr S.D.N.Y. Oct 26, 2009)

In connection with Defendant TIETS and the remaining individual Indian Defendants,

Plaintiffs clearly complied with the terms of the Hague Convention as documented above and did

everything it could do, *without violating Indian law,* pursuant to the terms of FRCP 4(f)(1). IITK

has been served, and the other eight Indian defendants, including TIETS were sent appropriate

documents via India's Central Authority as required by the Hague Convention.

Plaintiffs were careful not to violate Indian law by attempting to use any alternative

methods of service provided by the Hague Convention because India does <u>not</u> recognize Article

10 of that Convention, which provides for alternative methods of service such as international

registered mail. (Docket No. 20.) For this reason, Plaintiffs instead chose to submit the Letter to

Central Authority as documented extensively above, as one last attempt to obtain confirmation

429230.DOC

MBV LAW LLP
855 FRONT STREET
SAN FRANCISCO CA 94111

1   of the service that may already have occurred.

2        Plaintiffs remain concerned over the likelihood of the Indian government's Central

3   Authority providing the requested proof of service and complying in a timely manner. The

4   principal Defendant is a branch of the Indian government, and the Central Authority appears to

5   have stopped its efforts to serve the remaining Defendants immediately after serving IITK. The

6   lack of confirmation of service by the Central Authority is not coincidental and relates directly to

7   the planned efforts of IITK to delay.

8        **C.   Motion for Relief Under FRCP 4**

9        In view of these unusual circumstances and Plaintiffs' inability to avail themselves of the

10  other methods of service provided for by the Hague Convention in view of India's rejection of

11  Article 10, Plaintiffs request a Court Order via Federal Rule 4(f). Specifically, Federal Rule

12  4(f)(3) states: "Unless federal law provides otherwise, an individual [or foreign entity] - other

13  than a minor, an incompetent person, or a person whose waiver has been filed - may be served at

14  a place not within any judicial district of the United States. . .(3) by other means not prohibited

15  by international agreement, as the court orders." FRCP 4(f)(3). FRCP 4(f)(3), which is used via

16  court order, has been traditionally used for these kinds of unusual circumstances where service of

17  process is unduly delayed or does not occur despite diligent compliance with the applicable

18  international agreement.  It is important to note that Rule 4(f)(3) does not need to be used as a

19  last resort, and that the Court has wide discretion to use various methods of alternate service.

20  *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002) citing also

21  *Mayoral-Amy v. BHI Corp.,* 180 F.R.D. 456, 459 n.4 (S.D.Fla.1998).  Indeed, the latitude

22  afforded a court order via Rule 4(f)(3) even permits the alternate service to be in contravention of

23  the foreign jurisdiction's local laws so long as it is consistent with international agreements,

24  which this would be here. *Id* at 1014. Thus, this Court could Order service by registered air

25  mail, publication, service to defense counsel or even e-mail—methods that Plaintiffs have not

26  been able to use to date without a Court Order.  Counsel for defendants IITK and Brar have

27  refused to accept service on behalf of the Indian Defendants who have not yet appeared herein. .

28  Declaration of Micah Jacobs ("Jacobs Decl."), ¶ 5.

M B V   L A W   L L P
855 FRONT STREET
SAN FRANCISCO   CA 94111

1   IITK was properly served.  On information and belief, IITK is the known work address
2   and employer of (1) Defendant Chakrabarti, (2) Defendant Dasgupta, (3) Defendant TIETS, and
3   (4) Defendant Naskar. Farhang Decl., Ex. A.  Consistent with the substance and intent of Rule
4   4(f)(3), Plaintiffs request that the Court hereby:  (i)  request defense counsel, who appears to be
5   acting as counsel for all of the Defendants, to provide copies of the applicable service
6   documentation and operative complaints already provided IITK and to IITK Defendants
7   Chakrabarti, Dasgupta and Naskar and to the appropriate office of Defendant TIETS, located on
8   the IITK campus, and to provide copies of the same applicable service documentation and
9   complaints to the other Indian Defendants;  or (ii) pursuant to FRCP 4(l)(2)(B), deem service
10  completed  for said Defendants in view of the extensive evidence submitted to the Court that the
11  Central Authority possessed all service packages for all Defendants, and that service was
12  accomplished and confirmed to IITK, and yet mysteriously not confirmed for the other
13  Defendants in India or (iii) authorize service by mail.  The plain language of FRCP 4(l)(2)(B)
14  allows the Court to establish proof of service "if made under Rule 4(f)(2) or (f)(3), by a receipt
15  signed by the addressee *or by other evidence satisfying the court that the summons and complaint*
16  *were delivered to the addressee* [emphasis added]." FRCP. 4(l)(2)B).

17      Defendants have also argued that to date, allegedly none of the Indian Defendants except
18  IITK have received service in connection with the SAC.   Plaintiffs submit that Brar was in fact
19  properly served with the Second Amended Complaint and, in any event, Brar's counsel has
20  recently accepted service on his behalf. Jacobs Decl., ¶ 4.  With regards to service of the SAC on
21  the remaining Indian Defendants and TIETS, consideration of whether or not they require service
22  of the SAC can only be determined pending resolution of the Rule 4(f)(3) and/or Rule 4(l)(2)(B)
23  issues raised above, given the obvious lack of response by India's Central Authority and the
24  futility of attempting to use them again.  Under the circumstances, we contend that no additional
25  efforts to serve the SAC are appropriate at this time given the Central Authority's clear breach of
26  the Hague Convention provisions and Plaintiffs' understandable reluctance to waste further
27  resources and/or violate Indian law by attempting alternate service via Article 10.

28

M B V   L A W   L L P
8 5 5   F R O N T   S T R E E T
SAN FRANCISCO   CA 94111

1    Defendant IITK, who is the employer of Defendant Chakrabarti, Defendant Dasgupta, and

2    Defendant Naskar, and whose campus houses TIETS, has been served all applicable documents.

3    **IV.    CONCLUSION**

4    For the reasons stated above, Defendant's Motions to Dismiss Defendant Brar and IITK

5    for Delay of Prosecution should be denied.  Defendant's Motion to Dismiss Defendant TIET and

6    all of the individual Indian Defendants on the grounds of delay of prosecution and insufficient

7    service should be denied because Plaintiff fully complied with the Hague Convention, but the

8    Indian Central Authority has failed to complete service.  Plaintiff further requests that pursuant to

9    FRCP 4(f)(3) and/or 4(l)(2)(B), the Court either issue an appropriate Order for alternative service

10   of certain Indian Defendants that will not otherwise violate the Hague Convention or deem

11   service of said Defendants completed in view of the evidence submitted to this Court showing

12   that Plaintiffs have complied with the Hague Convention and applicable Federal Rules, but have

13   been unable to obtain confirmation from the applicable Indian Central Authority, which has been

14   grossly tardy in local verification obligations required of said Central Authority under the Hague

15   Convention.

16

17   DATED:  May 7, 2010                              MBV LAW LLP

18

19                                                            /s/ *Micah R. Jacobs*
                                                              Micah R. Jacobs
20                                                            Attorneys for Plaintiffs MANDANA D. FARHANG
                                                              and M.A. MOBILE LTD.

21

22

23

24

25

26

27

28