Micah R. Jacobs (State Bar No. 174630)
MBV LAW LLP
855 Front Street
San Francisco, California 94111
Telephone: 415-781-4400
Facsimile: 415-989-5143
Email: Mjacobs@mbvlaw.com

Sanjiv N. Singh (State Bar No. 193525)
SANJIV N. SINGH, A PROFESSIONAL LAW CORPORATION
P.O. Box 225815
San Francisco CA, 94122
Telephone: 415-816-5548
Email: ssingh@sanjivnsingh.com

Attorneys for Plaintiffs
MANDANA D. FARHANG and M.A. MOBILE LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| M.A. MOBILE LTD., a limited liability company chartered in Dominica; and MANDANA D. FARHANG,<br><br>Plaintiffs,<br><br>v.<br><br>INDIAN INSTITUTE OF TECHNOLOGY KHARAGPUR, an Indian Institute of Technology incorporated under the "Institutes of Technology Act, 1961"; TECHNOLOGY ENTERPRENEURSHIP AND TRAINING SOCIETY, an Indian society; PARTHA P. CHAKRABARTI; PALLAB DASGUPTA; GURASHISH S. BRAR; RAKESH GUPTA; PRAVANJAN CHOUDHRY; SUBRAT PANDA; ANIMESH NASKAR, and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. C-08-02658-RMW (HRL)<br><br>**ADMINISTRATIVE MOTION TO FILE SELECTED DOCUMENTS, IN SUPPORT OF PLAINTIFFS' THIRD AMENDED COMPLAINT, UNDER JUDICIAL SEAL PURSUANT TO CIVIL LOCAL RULE 79-5 AND CIVIL LOCAL 7-11** |

**Administrative Motion and Notice of Administrative Motion**

Pursuant to Civil Local Rule 79-5 (b) and Civil Local Rule 7-11, Plaintiffs hereby serve the Court and give notice to Defendants of the following administrative motion to file selected documents under Court seal for confidential review by the Court. As the Court will recall, in its June 1, 2010 Order regarding Defendants' Rule 12(b)(6) motion, among other rulings, the Court granted leave to amend the Second Amended Complaint and noted that Plaintiffs could file supplementary documents under judicial seal in order to facilitate the Court's understanding of the trade secret claims filed by Plaintiff to date. Dkt. No. 143. Plaintiffs hereby request that the Court grant permission to Plaintiffs to file certain documents under seal where such documents are referenced by the Third Amended Complaint.

**Request Pursuant to Civil Local Rule 79-5:**

Plaintiffs hereby request permission of the Court to file the following documents, in their entirety, under judicial seal, pursuant to Civil Local Rule 79-5 (b):

**1. Confidential Copies of Plaintiff Technology Specifications and Related Trade Secret Business Models and Implementations:**

Plaintiffs hereby request that the Court accept submission of the original Ikonodyne Business Plan, to be submitted as Exhibit S1 to the Third Amended Complaint, provided pursuant to NDA to Defendants in 2003, which provided trade secret information regarding Plaintiffs core technology (also known as Pocket XML, which Plaintiff Farhang had acquired from a Silicon Valley company Ikonodyne, Inc.), and related trade secret business models and implementations including business model "use cases" that would form the basis for the development of the Indian Railways application. This document requires seal because it contains specific details about Plaintiffs technology which have not been made known to the public and which have been treated as trade secret and/or highly confidential. Documents will be provided to Defendants pursuant to and only after an appropriate protective order is in place in this action, which the parties are still negotiating.

### 2. Confidential Copies of the Joint Venture Business Plan Developed by Plaintiffs and Defendants For Marketing of the Indian Railway Application:

Plaintiffs hereby request that the Court accept submission of one of the versions of the Confidential Joint Venture Business Plans (December 2004), to be submitted as Exhibit S2 to the Third Amended Complaint, and a sample of confidential powerpoint marketing materials showcasing the Indian Railway Application (January 2005), to be submitted as Exhibit S3, both documents developed by Plaintiffs and Defendants for marketing of the Indian Railway Application. The Business Plan and confidential powerpoint are critical to understanding how the Pocket XML technology was used to develop a novel implementation of Plaintiff Technology with tremendous market potential. The Business Plan edits and interchange between Plaintiff Farhang and Defendants at IITK, in particular, demonstrate how key business model and implementation trade secrets, including the strategy to go after IBM as a potential acquirer, were transmitted by Plaintiffs from the early stages of the project. The Business Plan and confidential powerpoint are critical to understanding the striking similarity between the Indian Railways application of Plaintiffs Technology and the TTE mobile tool announced by IBM and the Indian Railways shortly thereafter. These documents require seal because they contain specific details about Plaintiffs technology and other business trade secrets which have not been made known to the public and which have been treated as trade secret and/or highly confidential. Documents will be provided to Defendants pursuant to and only after an appropriate protective order is in place in this action, which the parties are still negotiating.

### 3. Confidential Copies of Joint Venture status report documents:

Plaintiffs hereby request that the Court accept submission of a "PXML Technology Status Report", to be submitted as Exhibit S4 to the Third Amended Complaint, prepared by Defendants outlining the progress that had been made in developing the Pocket XML technology (Plaintiff Technology) and the resulting Indian Railway application. The report was prepared by Defendants Gurashish S. Brar, Pravanjan Choudhary, Rakesh Gupta and Subrat Panda and was compiled one month before TIETS issued a congratulatory e-mail to the Joint Venture that the technology had been accepted to the IITK Incubation Program. The report sets forth a list of

comprehensive action items with estimated manhours required for each action item, making it clear that only three months before their unilateral termination of the Joint Venture, Defendants were moving full steam ahead with Plaintiffs Technology.  This document requires seal because it contains specific details about Plaintiffs technology which have not been made known to the public and which have been treated as trade secret and/or highly confidential.  Defendants will have access to this document on an Attorneys Eyes Only or similar modified basis during discovery.

**4. Confidential Copies of the Survey of the Backend of the Indian Railways:**

Plaintiffs hereby request that the Court accept submission of the report entitled "Survey of the Backend of the Indian Railways", to be submitted as Exhibit S5 to the Third Amended Complaint, prepared by Defendants.  This document requires seal because it contains internal strategic information regarding the Pocket XML Technology and how it would interface with legacy applications like the PRS (Passenger Reservation System) of the Indian Railways.  This document was never circulated to the public.  Its significance is explained in detail to the Court in Paragraph 48 of the Third Amended Complaint.  Documents will be provided to Defendants pursuant to and only after an appropriate protective order is in place in this action, which the parties are still negotiating.

**5. Confidential Copies of Third Party E-mails Demonstrating Plaintiff Farhang's care in maintaining her trade secrets and confidential information:**

Plaintiffs hereby request that the Court accept submission of certain e-mails between Plaintiff Farhang and third parties, to be submitted as Exhibit S6 to the Third Amended Complaint, demonstrating the reasonable care exercised by Plaintiffs in protecting the trade secret status of the technology and the related business models and implementations prior to the transmission of the technology to Defendants.  The attached e-mails are exemplary and show that Plaintiff, when at Ikonodyne Inc. (the predecessor company which owned the intellectual property before Plaintiff Farhang acquired rights to it) and indeed at all times, used requisite care to only provide high level, non confidential summaries of the technology, consistent with industry standards, and then to disclose trade secrets and confidential details only with protection

of NDA. These documents require seal because they contain third party communications where said third parties may have reasonable expectation of confidentiality as they related to the internal business strategies of those third parties. Documents will be provided to Defendants pursuant to and only after an appropriate protective order is in place in this action, which the parties are still negotiating.

### Conclusion and Administrative Motion

Pursuant to Civil Local Rule 79-5, Plaintiffs request permission to file the preceding documents under judicial seal as exhibits to our filing of the Third Amended Complaint (which shall occur on June 21st, 2010). We also submit the Declaration of Micah R. Jacobs pursuant to Civil Local Rule 79-5(b) certifying that all of the preceding documents require seal, and a proposed order of the Court pursuant to Civil Local Rule 79-5(b). If this order is denied, Plaintiffs request that all of the attached documents be returned by mail to MBV Law LLP at the above-captioned address on the cover sheet of this Motion or that Plaintiff Counsel is notified so that it can retrieve the documents from the Court Clerk.

DATED: June 21, 2010        MBV LAW LLP


By    */s/ Micah R. Jacobs*
      MICAH R. JACOBS
      Attorneys for Plaintiffs
      MANDANA D. FARHANG
      and M.A. MOBILE LTD

Re: M.A. MOBILE LTD., et al. v. INDIAN INSTITUTE OF TECHNOLOGY KHARAGPUR, ET AL.
USDC-NDCA-SAN JOSE DIVISION
CASE NO. C-08-02658-RMW (HRL)

## PROOF OF SERVICE

I, AMBER ROCHA, declare as follows:

I am over the age of eighteen (18) years, employed in the City and County of San Francisco at the law offices of MBV LAW LLP, 855 Front Street, San Francisco, CA 94111, and not a party to this action.

On June 21, 2010, I served the following document:

**ADMINISTRATIVE MOTION TO FILE SELECTED DOCUMENTS, IN SUPPORT OF PLAINTIFFS' THIRD AMENDED COMPLAINT, UNDER JUDICIAL SEAL PURSUANT TO CIVIL LOCAL RULE 79-5 AND CIVIL LOCAL 7-11**

____  **By Mail:** by placing true and correct copies of the document(s) listed above in envelope(s) addressed as set forth below. I sealed said envelope(s), with postage thereon fully prepaid, to be deposited with the United States Postal Service on this day following ordinary business practices. I am readily familiar with office procedure and practice for collection and processing of correspondence for mailing.

____  **By Fax:** by transmitting via facsimile, and received and retained confirmation of successful transmission, the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

____  **By Overnight Service:** by placing the document(s) listed above in a sealed envelope for overnight delivery via *Federal Express, Express Mail,* or other overnight service, with fees fully prepaid, and deposited for same-day pick-up by an authorized representative.

X   **By Hand Delivery:** by submitting true and correct copies of the document(s) to a messenger service with instructions to the messenger service representative that the document(s) be delivered to the person(s) at the address(es) set forth below before 5:00 p.m., and that said messenger service provide my office with a Proof of Service.

| COUNSEL FOR DEFENDANT INDIAN INSTITUTE OF TECHNOLOGY KHARAGPUR | |
|---|---|
| Neel Chatterjee, Esq.<br>Theresa A. Sutton, Esq.<br>Nitin Gambhir<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br>1000 Marsh Road<br>Menlo Park, CA 94025 | |

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed on June 21, 2010, at San Francisco, California.

*/s/ Amber Rocha*
AMBER ROCHA