1 | Micah R. Jacobs (State Bar No. 174630)
MBV LAW LLP
2 | 855 Front Street
San Francisco, California 94111
3 | Telephone: 415-781-4400
Facsimile: 415-989-5143
4 |
5 | Sanjiv N. Singh (State Bar No. 193525)
SANJIV N. SINGH, A PROFESSIONAL LAW
CORPORATION
6 | P.O. Box 225815
San Francisco CA, 94122
7 | Telephone: 415-816-5548
E-mail: ssingh@sanjivnsingh.com
8 |
9 | Attorneys for Plaintiffs
MANDANA D. FARHANG and M.A. MOBILE LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

M.A. MOBILE LTD., a limited liability company chartered in Dominica; and MANDANA D. FARHANG,

Plaintiffs,

v.

INDIAN INSTITUTE OF TECHNOLOGY KHARAGPUR, an Indian Institute of Technology incorporated under the "Institutes of Technology Act, 1961"; TECHNOLOGY ENTERPRENEURSHIP AND TRAINING SOCIETY, an Indian society; PARTHA P. CHAKRABARTI; PALLAB DASGUPTA; GURASHISH S. BRAR; RAKESH GUPTA; PRAVANJAN CHOUDHRY; SUBRAT PANDA; ANIMESH NASKAR, and DOES 1 through 100, inclusive,

Defendants.

CASE NO. C-08-02658-RMW HRL

**[PROPOSED] ORDER TO FILE SELECTED DOCUMENTS, IN SUPPORT OF PLAINTIFFS' THIRD AMENDED COMPLAINT, UNDER JUDICIAL SEAL PURSUANT TO CIVIL LOCAL RULE 79-5 AND CIVIL LOCAL 7-11**

On June 21, 2010, Plaintiffs in the above captioned matter filed an Administrative Motion To File Selected Documents In Support of Plaintiffs' Third Amended Complaint Under Seal Pursuant to Civil Local Rule 79-5 and Civil Local Rule 7-11 ("Motion To Seal"). The selected documents are as follows:

    **a.   Confidential Copies of Plaintiff Technology Specifications and Related Trade Secret Business Models and Implementations.**

The original Ikonodyne Business Plan, to be submitted as Exhibit S1 to the Third Amended Complaint, was provided pursuant to NDA to Defendants in 2003. This document requires seal because it contains specific details about Plaintiffs technology which have not been made known to the public and which have been treated as trade secret and/or highly confidential. Documents will be provided to Defendants pursuant to and only after an appropriate protective order is in place in this action, which the parties are still negotiating.

    **b.   Confidential Copies of the Joint Venture Business Plan Developed by Plaintiffs and Defendants For Marketing of the Indian Railway Application.**

The Confidential Joint Venture Business Plans (December 2004), to be submitted as Exhibit S2 to the Third Amended Complaint, and a sample of confidential powerpoint marketing materials showcasing the Indian Railway Application (January 2005), to be submitted as Exhibit S3 to the Third Amended Complaint, are both documents developed by Plaintiffs and Defendants for marketing of the Indian Railway Application. These documents require seal because they contain specific details about Plaintiffs technology which have not been made known to the public and which have been treated as trade secret and/or highly confidential. Documents will be provided to Defendants pursuant to and only after an appropriate protective order is in place in this action, which the parties are still negotiating.

    **c.   Confidential Copies of Joint Venture status report documents.**

The document entitled "PXML Technology Status Report", to be submitted as Exhibit S4 to the Motion to Seal, was prepared by Defendants and outlines the progress that had been made in developing the Pocket XML technology (i.e. Plaintiffs' Technology) and the resulting Indian Railway application. This document requires seal because it contains specific

details about Plaintiffs technology which have not been made known to the public and which have been treated as trade secret and/or highly confidential. Defendants will have access to this document on an Attorneys Eyes Only or similar modified basis during discovery.

        **d.    Confidential Copies of the Survey of the Backend of the Indian Railways.**

The "Survey of the Backend of the Indian Railways", to be submitted as Exhibit S5 to the Motion to Seal, was prepared by Defendants. This document requires seal because it contains internal strategic information regarding the Pocket XML Technology and how it would interface with legacy applications like the PRS system of the Indian Railways. This document was never circulated to the public. Its significance is explained in detail to the Court in Paragraph 48 of the Third Amended Complaint. Documents will be provided to Defendants pursuant to and only after an appropriate protective order is in place in this action, which the parties are still negotiating.

        **e.    Confidential Copies of Third Party E-mails Demonstrating Plaintiff Farhang's care in maintaining her trade secrets and confidential information.**

Certain e-mails between Plaintiff Farhang and third parties, to be submitted as Exhibit S6 to the Motion to Seal, demonstrate the reasonable care exercised by Plaintiffs in protecting the trade secret status of the technology and the related business models and implementations prior to the transmission of the technology to Defendants. These documents require seal because they contain third party communications where said third parties may have reasonable expectation of confidentiality as they related to the internal business strategies of those third parties. Documents will be provided to Defendants pursuant to and only after an appropriate protective order is in place in this action, which the parties are still negotiating.

///
///
///
///
///

3

1 **IT IS HEREBY ORDERED** that:

2     All of the above documents shall be filed under seal with this Court pursuant to Civil

3 Local Rule 79-5. The effect of this judicial seal is as set forth in Civil Local Rule 79-5(f).

4 **IT IS SO ORDERED.**

6 Dated: _____       _____
                                                                      RONALD M. WHYTE
                                                                        United States District Judge

*MBV LAW LLP*
*855 FRONT STREET*
*SAN FRANCISCO, CA 94111*

Re: M.A. MOBILE LTD., et al. v. INDIAN INSTITUTE OF TECHNOLOGY KHARAGPUR, ET AL.
USDC-NDCA-SAN JOSE DIVISION
CASE NO. C-08-02658-RMW (HRL)

## PROOF OF SERVICE

I, AMBER ROCHA, declare as follows:

I am over the age of eighteen (18) years, employed in the City and County of San Francisco at the law offices of MBV LAW LLP, 855 Front Street, San Francisco, CA 94111, and not a party to this action.

On June 21, 2010, I served the following document:

**[PROPOSED] ORDER TO FILE SELECTED DOCUMENTS, IN SUPPORT OF PLAINTIFFS' THIRD AMENDED COMPLAINT, UNDER JUDICIAL SEAL PURSUANT TO CIVIL LOCAL RULE 79-5 AND CIVIL LOCAL 7-11**

_____ **By Mail:** by placing true and correct copies of the document(s) listed above in envelope(s) addressed as set forth below. I sealed said envelope(s), with postage thereon fully prepaid, to be deposited with the United States Postal Service on this day following ordinary business practices. I am readily familiar with office procedure and practice for collection and processing of correspondence for mailing.

_____ **By Fax:** by transmitting via facsimile, and received and retained confirmation of successful transmission, the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

_____ **By Overnight Service:** by placing the document(s) listed above in a sealed envelope for overnight delivery via *Federal Express, Express Mail,* or other overnight service, with fees fully prepaid, and deposited for same-day pick-up by an authorized representative.

X **By Hand Delivery:** by submitting true and correct copies of the document(s) to a messenger service with instructions to the messenger service representative that the document(s) be delivered to the person(s) at the address(es) set forth below before 5:00 p.m., and that said messenger service provide my office with a Proof of Service.

| *COUNSEL FOR DEFENDANT INDIAN INSTITUTE OF TECHNOLOGY KHARAGPUR* | |
|---|---|
| Neel Chatterjee, Esq.<br>Theresa A. Sutton, Esq.<br>Nitin Gambhir<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br>1000 Marsh Road<br>Menlo Park, CA 94025 | |

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed on June 21, 2010, at San Francisco, California.

_____
AMBER ROCHA