1

2

3

4                                                **E-FILED on** ___7/29/10___

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                             SAN JOSE DIVISION

11

12

| | |
|---|---|
| MANDANA D. FARHANG and M.A. MOBILE, | No. C-08-02658 RMW |
| Plaintiffs, | |
| v. | |
| INDIAN INSTITUTE OF TECHNOLOGY, KHARAGPUR; TECHNOLOGY ENTREPRENEURSHIP AND TRAINING SOCIETY; PARTHA P. CHAKRABARTI; PALLAB DASGUPTA; GURASHISH S. BRAR; RAKESH GUPTA; PRAVANJAN CHOUDHURY; SUBRAT PANDA; ANIMESH NASKAR, | ORDER DENYING MOTION FOR ORDER PERMITTING ALTERNATIVE SERVICE OF PROCESS WITHOUT PREJUDICE |
| | **[Re Docket No. 151]** |
| Defendants. | |

        Plaintiffs Mandana D. Farhang and M.A. Mobile move for an order: (1) requiring defendant

Indian Institute of Technology, Kharagpur ("IIT")'s defense counsel to provide copies of the

complaint and other service documents to the unserved defendants; (2) deeming service of all

defendants to have been completed; or (3) authorizing immediate service of unserved defendants by

mail.  For the reasons set forth below, the court denies the motion without prejudice.

28

**United States District Court**
For the Northern District of California

# I. BACKGROUND

The original complaint in this action was filed on May 27, 2008.  On June 2, 2010, the court issued an order to show cause why the following unserved defendants should not be dismissed for failure to prosecute: Technology Entrepreneurship and Training Society ("TIETS"), Partha P. Chakrabarti, Pallab Dasgupta, Rakesh Gupta, Pravanjan Choudhury, Subrat Panda, and Animesh Naskar (collectively, "Unserved Defendants").  On June 15, 2010, Process Forwarding International forwarded plaintiffs' request to serve the Unserved Defendants to the Indian Central Authority.  In light of the fact that plaintiffs have now undertaken all steps necessary to accomplish service of process under the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention"), the court found that plaintiffs had shown sufficient cause to not have the Unserved Defendants dismissed at this point but without prejudice to any newly served defendants bringing a motion to dismiss.

# II. ANALYSIS

Plaintiffs now move for an order either: (1) deeming service of the Unserved Defendants completed pursuant to Federal Rule of Civil Procedure 4(l)(2)(B), or (2) permitting alternative service of process under Federal Rule of Civil Procedure 4(f)(3).

### A.     Proof of Service Under Rule 4(l)(2)

Rule 4(l)(2) provides that:

[s]ervice not within any judicial district of the United States must be proved as follows:

(A) if made under Rule 4(f)(1), as provided in the applicable treaty or convention; or

(B) if made under Rule 4(f)(2) or (f)(3), by a receipt signed by the addressee, or by other evidence satisfying the court that the summons and complaint were delivered to the addressee.

Fed. R. Civ. P. 4(l)(2).  Rule 4(f)(1) addresses service of process through internationally agreed means, such as those authorized by the Hague Convention.  Fed. R. Civ. P. 4(f)(1).  Rule 4(f)(2) deals with service of process where there is no internationally agreed means or an international agreement allows but does not specify other means for service.  Fed. R. Civ. P. 4(f)(2).  Rule 4(f)(3) addresses service by alternative means not prohibited by international agreement pursuant to a court order.  Fed. R. Civ. P. 4(f)(3).

United States District Court
For the Northern District of California

1    Plaintiffs have attempted service of the Unserved Defendants by the means authorized by the

2  Hague Convention.  Because service has only been attempted under Rule 4(f)(1),[1] proof of service in

3  this case is governed by Rule 4(l)(2)(A), not Rule 4(l)(2)(B).  *See* Fed. R. Civ. P. 4(l)(2).  The court

4  therefore denies plaintiffs' motion to deem service completed pursuant to Rule 4(l)(2)(B).  Moreover,

5  under subsection (A), service can only be proved "as provided in the applicable treaty or convention."

6  Fed. R. Civ. P. 4(l)(2)(A).  The Hague Convention provides for proof of service through a certificate

7  that states that the document has been served, including the method, place, and date of service, and the

8  person to whom the document was delivered.  *See* Convention on the Service Abroad of Judicial and

9  Extrajudicial Documents in Civil or Commercial Matters, art. 6, Nov. 15, 1965, 20 U.S.T. 361

10  [hereinafter Hague Convention].  Plaintiffs do not claim to have any such certificate suggesting that the

11  Unserved Defendants have been successfully served.

12       **B.    Alternative Service of Process Under Rule 4(f)(3)**

13    Plaintiffs seek an order permitting alternative service of the Unserved Defendants, either by mail

14  or by requiring IIT's defense counsel to provide copies of the complaint and other service documents

15  to the Unserved Defendants. Rule 4(f)(3) provides that the court may order alternative service "by other

16  means not prohibited by international agreement." Fed. R. Civ. P. 4(f)(3).  The Advisory Committee

17  Notes suggest that when the Hague Convention is applicable, as in this case, alternate methods of

18  service should only be permitted under limited circumstances:

19    *Use of the Convention procedures, when available, is mandatory* if documents must be
       transmitted abroad to effect service. . . .

20

21    Article 15 does provide that alternate methods may be used if a Central Authority does
       not respond within six months.  Generally, a Central Authority can be expected to
22     respond much more quickly than that limit might permit, but there have been occasions
       *when the signatory state was dilatory or refused to cooperate for substantive reasons.*
       *In such cases, resort may be had to the provision set forth in subdivision (f)(3).* . . .
23

24    Paragraph (3) authorizes the court to approve other methods of service not prohibited by
       international agreements. The Hague Convention, for example, authorizes special forms
25     of service *in cases of urgency* if convention methods will not permit service within the

26

---

27  [1]  Plaintiffs now seek a court order permitting service by alternative means under Rule 4(f)(3).
   However, no such court order permitting alternative service has issued at this time, and in the
   absence of such a court order, plaintiffs could not have served the Unserved Defendants under Rule
28  4(f)(3).

1      time required by the circumstances. Other circumstances that might justify the use of
2  additional methods include *the failure of the foreign country's Central Authority to effect service within the six-month period provided by the Convention . . . . In such cases, the court may direct a special method of service* not explicitly authorized by international
3  agreement if not prohibited by the agreement.

4  Fed. R. Civ. P. 4(f) Advisory Committee Notes to 1993 Amendments (emphasis added). Plaintiffs

5  themselves contend that they were required to wait at least six months for the Indian Central Authority

6  to act before pursuing a court order permitting alternative service of process. Dkt. No. 151 at 14.

7      Plaintiffs appear to believe that the court's July 2, 2010 order finding that plaintiffs had shown

8  sufficient cause to not have the Unserved Defendants dismissed at that time indicates that Farhang's

9  March 9, 2009 service attempt had been found to be in compliance with the Hague Convention. To the

10  contrary, this earlier service attempt failed to comply with the Hague Convention. The court declined

11  to dismiss the Unserved Defendants because as of June 15, 2010, plaintiffs had undertaken all steps

12  necessary to accomplish service of process under the Hague Convention.

13      Article 3 of the Hague Convention requires service requests to be forwarded by "[t]he authority

14  or judicial officer competent under the law of the State in which the documents originate." Hague

15  Convention at art. 3. This language makes clear that the law of the country from which the documents

16  originate governs who is competent to forward service requests to a Central Authority. *See also*

17  Conclusions and Recommendations of the Special Commission on the Practical Operation of the Hague

18  Apostille, Evidence and Service Conventions, Oct. 28 to Nov. 4, 2003 ¶ 47 ("it is for the law of the

19  requesting State to determine the competence of the forwarding authorities"). Therefore, any person

20  who is authorized under United States law to serve process in the United States is also competent to

21  forward a service request originating in the United States. *FRC Int'l, Inc. v. Taifun Feuerloschgeratebau*

22  *und Vertriebs GmbH*, No. 3:01-CV-7533, 2002 U.S. Dist. LEXIS 17559, at *25 (N.D. Ohio Sept. 4,

23  2002); *Greene v. Le Dorze*, No. 3-96-CV-590-R, 1998 U.S. Dist. LEXIS 4093, at *7 (N.D. Tex. Mar.

24  24, 1998).

25      Under United States law, "[a]ny person who is at least 18 years old and *not a party* may serve

26  a summons and complaint." Fed. R. Civ. P. 4(c)(2) (emphasis added). Farhang, as a party to this action,

27  may not serve a defendant herself. Therefore, Farhang is not an authority or judicial officer competent

28  to forward service requests directly to the Indian Central Authority. Since she personally mailed the

United States District Court
For the Northern District of California

1    service documents to the Indian Central Authority on March 9, 2009, this attempt to serve the Unserved

2    Defendants did not comply with the Hague Convention.

3           Six months have not yet passed since June 15, 2010, the date when Farhang had a service request

4    properly forwarded to the Indian Central Authority.  In the absence of extenuating circumstances, the

5    Central Authority should be provided sufficient time to serve the Unserved Defendants in accordance

6    with the process set forth in the Hague Convention.  The court thus declines to issue an order permitting

7    alternative service of process at this time.  Plaintiffs' motion for an order permitting alternative service

8    of process is denied without prejudice.[2]

9                                              **III.  ORDER**

10          For the foregoing reasons, the court denies plaintiffs' motion without prejudice to re-noticing

11   if the Unserved Defendants do not voluntarily appear by December 15, 2010.

12

13

14

15   DATED:_____7/29/10_____                    _Ronald M Whyte_____

16                                                  RONALD M. WHYTE
                                                    United States District Judge
17

18

19

20

21

22

23

24

25   _____

26   [2]  Plaintiffs have suggested that the Unserved Defendants know about the case and will be
     represented by defendant IIT's counsel.  If this is true, it may be that the only consequence of
27   requiring service pursuant to the Hague Convention will be to delay the case.  The Unserved
     Defendants might want to consider voluntarily appearing since they could do so without waiving
28   their right to urge dismissal for failure to diligently prosecute.

ORDER DENYING MOTION FOR ORDER PERMITTING ALTERNATIVE SERVICE OF PROCESS WITHOUT PREJUDICE—No.
C-08-02658 RMW
CCL                                              5