**E-FILED on** _9/7/10_

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MANDANA D. FARHANG and M.A. MOBILE,<br><br>Plaintiffs,<br><br>v.<br><br>INDIAN INSTITUTE OF TECHNOLOGY, KHARAGPUR, TECHNOLOGY ENTREPRENEURSHIP AND TRAINING SOCIETY, PARTHA P. CHAKRABARTI, PALLAB DASGUPTA, RAKESH GUPTA, PRAVANJAN CHOUDHURY, SUBRAT PANDA, and ANIMESH NASKAR,<br><br>Defendants. | No. C-08-02658 RMW<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE AND MOTION TO DISMISS THIRD AMENDED COMPLAINT<br><br>**[Re Docket Nos. 174, 175]** |

Defendant Indian Institute of Technology, Kharagpur ("IIT") moves to strike portions of the Third Amended Complaint ("TAC") and to dismiss the TAC. For the reasons set forth below, the court grants in part and denies in part the motion to strike and grants in part and denies in part the motion to dismiss the TAC.

**I. MOTION TO STRIKE**

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). IIT moves to strike various portions of the

TAC, including references to defendant Gurashish Brar and claims for fraud and breach of fiduciary duty. In the court's June 1, 2010 order, the court dismissed defendant Brar from this action and dismissed plaintiffs' claims for fraud and breach of fiduciary duty with prejudice. Plaintiffs do not oppose striking the following: references to Brar (the caption and paragraph 17), their fraud and breach of fiduciary duty claims (paragraphs 74 through 96), and the prayer for exemplar damages (paragraph 2 of prayer for relief). The court therefore strikes the above-listed portions of the TAC.

The court also strikes the following highlighted portions of the TAC as immaterial because they consist of legal argument, which does not belong in a complaint: paragraphs 6(c) through (e), paragraph 10 footnote 1, paragraph 26, paragraph 27(v), paragraph 32, paragraph 33(b), paragraphs 45(b) through (e), paragraphs 47(a), (c), and (d), paragraphs 48(b) and (c), paragraph 49, paragraph 60, paragraph 62, and paragraph 97.

The court denies the motion to strike in all other respects.

## II.  MOTION TO DISMISS

IIT seeks dismissal of all claims in the TAC for failure to provide a "short and plain statement" of the alleged claims and for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 8, 12(b)(6).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citations omitted). The complaint must provide the grounds for a plaintiff's entitlement to relief, which requires more than labels, conclusions, and a formulaic recitation of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

### A.    Standing

IIT argues that plaintiffs lack standing to bring suit because the technology at issue was invented by Brian Kenville. However, plaintiffs allege that "Mandana Farhang acquired the rights

to Kenville's technology." TAC Ex. S2 at 1. The court thus denies IIT's motion to dismiss for lack of standing.

### B. Breach of NDA

IIT contends that the TAC fails to state a claim for breach of a non-disclosure agreement ("NDA"). The TAC alleges that on or about August 11, 2003, IIT entered into an NDA with plaintiffs. TAC ¶ 29. Under the terms of the NDA, IIT agreed to: (1) only disclose confidential information to employees and contractors who are bound by a similar NDA ("Non-Disclosure Provision"); (2) not to "make, have made, use or sell for any purpose any product or other item using, incorporating, or derived from" plaintiffs' confidential information ("Non-Use Provision"); and (3) to return all documents and other tangible items with plaintiffs' confidential information upon termination of the NDA or upon written demand ("Return Provision"). *Id.*

#### 1. Breach of Non-Disclosure Provision

Plaintiffs allege that IIT breached the Non-Disclosure Provision by disclosing confidential information to persons who were not bound by a similar NDA, including the IBM representative sitting on IIT's Incubation Society, members of the Indian Railways, and possibly other third parties. TAC ¶ 63(a). In particular, the TAC alleges that defendants disclosed confidential information in a presentation to a technical committee of the Incubation Society in 2005, that the IBM representative was part of that technical committee, and that the IBM representative had not agreed to be bound by an NDA.[1] *Id.* ¶¶ 45(c), 63(a). These factual allegations are sufficient to state a claim for breach of the Non-Disclosure Provision.

#### 2. Breach of Non-Use Provision

Plaintiffs also claim that IIT breached the Non-Use Provision by making, having made, using, or selling products derived from plaintiffs' technology. TAC ¶ 63(b). As the court discussed in its June 1, 2010 order, the Non-Use Provision of the NDA directly conflicts with the alleged joint

---

[1] IIT disputes whether the IBM representative was part of the technical committee. However, on a motion to dismiss, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009) (quoting *Silvas v. E*Trade Mortg. Corp.*, 514 F.3d 1001, 1003 (9th Cir. 2008)).

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE AND MOTION TO DISMISS THIRD AMENDED COMPLAINT—No. C-08-02658 RMW
CCL                                               3

venture agreement between plaintiffs and IIT, since the alleged purpose of the joint venture agreement was for IIT to develop plaintiffs' technology. *Id.* ¶ 69. Thus, if there was a joint venture agreement as alleged, this agreement would supersede the Non-Use Provision's complete prohibition of making, having made, or using any products derived from plaintiffs' technology. However, plaintiffs may plead alternative theories of liability, and that is what they do in the TAC. Plaintiffs' theories of liability are either: (1) there was a valid joint venture agreement, which defendants breached; or (2) there was no joint venture agreement, but defendants breached the NDA.

Although plaintiffs are permitted to plead alternative theories of liability, in order to withstand a motion to dismiss, the complaint must contain factual allegations sufficient to support each theory. In this case, the TAC contains factual allegations showing that plaintiffs waived their right to enforce the Non-Use Provision of the NDA. Plaintiffs base their claim of breach of the Non-Use Provision on IIT's admission in a complaint filed in India that it had used plaintiffs' technology to develop applications. *See id.* ¶ 60 (IIT "through its highly qualified faculty members and students had immensely developed the technology provided initially by the Defendant No. 1 . . . and developed many interesting applications, especially for Indian scenarios like railways"). However, the TAC also alleges that plaintiffs "gave specific directives" to defendants regarding the development of their technology and that IIT worked on "demos and marketing plans with the assistance of Plaintiff and Plaintiff's agents." TAC ¶¶ 27(v), 33(e), 44(b). "California courts will find waiver when a party intentionally relinquishes a right or when that party's acts are so inconsistent with an intent to enforce the right as to induce a reasonable belief that such right has been relinquished." *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1559 (9th Cir. 1991)(citing *Rheem Mfg. Co. v. United States*, 57 Cal. 2d 621, 626 (1962)). Giving specific directives regarding use of plaintiffs' technology and assisting in the use of that technology are acts so inconsistent with an intent to enforce the Non-Use Provision of the NDA as to induce a reasonable belief that the right to enforce the Non-Use Provision had been relinquished. Moreover, the TAC fails to allege facts from which one could reasonably infer that IIT sold applications derived from plaintiffs' technology to either IBM or Indian Railways. The TAC thus fails to state a claim for breach of the Non-Use Provision.

### 3. Breach of Return Provision

The TAC alleges that IIT breached the Return Provision by failing to return all documents and other tangible material relating to or containing plaintiffs' confidential information upon demand.  TAC ¶ 63(c).  In particular, plaintiffs claim that IIT has only returned a single CD containing source code[2] and has failed to return "[d]ocumentation relating to business plans, trade secrets not disclosed in the patent, and other Confidential information." *Id.*  These factual allegations are sufficient to state a claim for breach of the Return Provision of the NDA.

The court finds that the TAC fails to state a claim based on IIT's alleged breach of the Non-Use Provision but contains sufficient factual allegations to state a claim for breach of the Non-Disclosure and Return Provisions.  Accordingly, the court dismisses plaintiffs' claim for breach of the Non-Use Provision but otherwise denies IIT's motion to dismiss the claim for breach of the NDA.

### C. Breach of Joint Venture Agreement

The TAC alleges that, pursuant to a joint venture agreement, plaintiffs and defendants were to work together to develop plaintiffs' technology and to market it through an Indian entity, Cool e-Mobile Pvt Ltd. ("Cool e-Mobile").  TAC ¶ 70.  Plaintiffs allege that defendants breached the joint venture agreement by "abandoning all efforts to further Technology on behalf of the Joint Venture, and instead working to deliberately move forward their own plans of commercialization at the expense of the Joint Venture." *Id.*  IIT contends that the TAC fails to state a claim for breach of the joint venture agreement because: (1) the TAC alleges that IIT did not intend to form a joint venture and thus the joint venture was a sham; (2) plaintiffs have failed to identify a reasonably certain contract term that was breached; and (3) plaintiffs' claim of breach of an oral contract is time-barred.

---

[2] In earlier versions of the complaint, plaintiffs allege that they received a box of documents from IIT.  Dkt. No. 1 ¶ 85; Dkt. No. 111 ¶ 46.  The context in which this box of documents was received is not clear.  Since the Return Provision deals only with the return of materials upon termination of the NDA or upon written demand by plaintiffs, TAC ¶ 29, it is not clear whether this earlier alleged fact necessarily contradicts the TAC's allegation that only a single CD had been returned pursuant to the Return Provision.

### 1. Intent to Form a Joint Venture

"A joint venture exists when there is 'an agreement between the parties under which they have a community of interest, that is, a joint interest, in a common business undertaking, an understanding as to the sharing of profits and losses, and a right of joint control.'" *Connor v. Great W. Sav. & Loan Ass'n*, 69 Cal. 2d 850, 853 (1968) (quoting *Holtz v. United Plumbing & Heating Co.*, 49 Cal. 2d 501, 506-07 (1957)). IIT argues that because the TAC alleges in various places that defendants did not intend to form a joint venture, the requisite community of interest element is lacking.

The TAC does state at various points that defendants never intended to form a joint venture. *See,.e.g.,* TAC ¶¶ 1, 32. However, the meeting of the minds required to form a contract (or the community of interest specifically required for a joint venture agreement) refers to the objective manifestation of intent, not the subjective intent of the parties. *See Rael v. Davis*, 166 Cal. App. 4th 1608, 1618 n.11 (2008) ("Contract formation is governed by objective manifestations, not subjective intent of any individual involved."). The TAC contains many factual allegations regarding IIT's outward manifestations of intent to form a joint venture. *See, e.g.,* TAC ¶¶ 33(a)-(e). Therefore, the requisite shared interest has been adequately alleged.

### 2. Reasonably Certain Contract Terms

IIT also claims that the TAC fails to allege a specific breach of contract, and that there was no enforceable contract because the terms of the alleged joint venture agreement were not reasonably certain. For a contract to be enforceable, its terms must be reasonably certain, meaning the parties' obligations under the contract must be sufficiently clear such that one can determine whether there has been a breach. *See Bustamonte v. Intuit, Inc.*, 141 Cal. App. 4th 199, 209 (2006). IIT argues that neither its nor plaintiffs' obligations under the alleged joint venture agreement were reasonably certain.

A joint venture agreement "need not be formal or definite in every detail relating to the respective rights and duties of the parties but may be implied as a reasonable deduction from their acts and declarations." *Holtz v. United Plumbing & Heating Co.*, 49 Cal. 2d 501, 507 (1957). Moreover, when parties have "manifested their mutual intent to take [an] idea and make it concrete

by forming a company and engaging in the business together . . . [this agreement combined with] the subsequent acts of the parties as they worked out the details provide[] sufficient certainty to determine the existence of a breach and a remedy." *Bustamonte*, 141 Cal. App. 4th at 213.

Plaintiffs allege that IIT breached the joint venture agreement by completely abandoning the joint venture and exploiting plaintiffs' technology for its own purposes. *See* TAC ¶ 70. As discussed in the court's June 1, 2010 order, the court finds that the terms of the joint venture agreement are sufficiently certain to determine whether such a breach has occurred. *See Holmes v. Lerner*, 74 Cal. App. 4th 442, 459 (1999) (finding sufficient certainty to determine existence of a breach where alleged breach was based on defendant's complete repudiation of alleged partnership agreement, not the breach of a single vague term).

### 3. Statute of Limitations for Oral Contracts

Under California law, the statute of limitations for a claim based on the breach of an oral contract is two years. *See* Cal. Code Civ. Proc. § 339. However, an action based on breach of an oral contract "shall not be deemed to have accrued until the discovery of the loss or damage suffered by the aggrieved party thereunder." *Id.*

Because a formal letter of intent was never signed, plaintiffs' claim for breach of the joint venture agreement appears to be based on the existence of an oral contract. TAC ¶ 33(e). The TAC alleges that, due to defendants' efforts to conceal its breach of the joint venture agreement, plaintiffs did not discover the breach until after May 27, 2006 and did not realize that IIT was responsible for the breach and that the breach could not be cured until June 7, 2006. *Id.* ¶ 71. Plaintiffs filed suit on May 27, 2008. If the allegation that plaintiffs did not discover any breach or damage from breach until after May 27, 2006 is true, then their claim for breach of an oral contract would not be time-barred.

IIT points out that earlier versions of plaintiffs' complaint allege facts showing that plaintiffs were aware of the following conduct prior to May 27, 2006: (1) defendant Chakrabarti's refusal to take a formal role in the joint venture, *see* Dkt. No. 1 ¶ 67; (2) defendants' refusal to provide a copy of the technology for a demonstration to a large prospective customer, *see id.* ¶ 71; and (3) IIT stalling and failing to facilitate contact with Indian Railways as promised, *see id.* ¶ 60; Dkt. No. 111

¶ 53. However, plaintiffs represent that no loss or damages resulted from the above conduct. Dkt. No. 193 at 21. Plaintiffs have thus indicated to the court that the above conduct is outside the scope of their claim for breach of the joint venture agreement and that they do not intend to seek damages based on any of the above conduct.

Accepting plaintiffs' representation that they have suffered no damages from these specific instances of conduct, the court finds no reason not to accept plaintiffs' general allegation – that they did not discover any damage from breach of the joint venture agreement until after May 27, 2006 – as true for the purposes of this motion to dismiss. The court therefore denies IIT's motion to dismiss plaintiffs' claim for breach of the joint venture agreement.

### D.  Trade Secret Misappropriation

A trade secret is "information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy." Cal. Civ. Code § 3426.1. The TAC alleges two categories of trade secrets: (1) plaintiffs' core technology described in a patent application and (2) "specific business models and implementations" relating to this core technology. *See* TAC ¶ 99. IIT argues that plaintiffs fail to state a claim for trade secret misappropriation because the TAC fails to allege sufficient facts showing that: (1) the alleged trade secrets were subject to reasonable efforts to maintain their secrecy; (2) IIT misappropriated trade secrets; and (3) plaintiffs suffered harm as a result.

#### 1.  Reasonable Efforts to Maintain Secrecy

IIT contends that plaintiffs failed to allege reasonable efforts to maintain the secrecy of their alleged trade secrets because: (1) the TAC admits that Mandana Farhang sent a copy of a confidential business plan to the Incubation Society Board, which included members that had not agreed to be bound by an NDA, such as the Deputy Manager of IBM, TAC ¶ 45(a); and (2) earlier complaints admit that Farhang engaged in "high level discussions" with Sun, Microsoft, Motorola, and Sprint, Dkt. No. 111 Ex. A. Neither of these facts conclusively establishes that plaintiffs failed

to take reasonable efforts to maintain the secrecy of their alleged trade secrets. The fact that Farhang engaged in "high level discussions" with third parties does not suggest that she disclosed trade secrets to these third parties. As for the disclosure of the confidential business plan to the Incubation Society Board, the TAC alleges that Farhang had been led to believe that the Incubation Society was an IIT entity, and that plaintiffs had entered into an NDA with IIT for the protection of their confidential information. TAC ¶¶ 29, 45(a). Viewing the factual allegations in the TAC as true and construing them in the light most favorable to plaintiffs, one may infer that Farhang reasonably believed that members of the Incubation Society Board were bound by an NDA, such that her disclosure of a confidential business plan to these board members would not suggest failure to take reasonable efforts to protect her trade secrets.

### 2. Allegations Regarding Misappropriation

"Disclosure or use of a trade secret of another without express or implied consent by a person who . . . knew that his or her knowledge of the trade secret was . . . acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use" constitutes trade secret misappropriation. Cal. Civ. Code § 3426.1(b). The TAC alleges that defendants disclosed plaintiffs' trade secrets to IBM, the Indian Railways, and possibly other third parties without their express or implied consent. TAC ¶ 101. The Non-Disclosure Provision of the NDA makes clear that IIT's knowledge of the trade secrets was acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use. *See id.* ¶ 29. As discussed above in the section regarding breach of the Non-Disclosure Provision of the NDA, the TAC contains factual allegations that allow one to infer that IIT improperly disclosed plaintiffs' trade secrets to an IBM representative on a technical committee of the Incubation Society who had not agreed to be bound by an NDA. TAC ¶ 45(c). Thus, the TAC adequately alleges that IIT misappropriated plaintiffs' trade secrets.

### 3. Causation of Injuries

IIT argues that the TAC fails to allege facts suggesting that IIT's actions were a substantial factor in causing plaintiffs' injuries. *See Tate v. Canonica*, 180 Cal. App. 2d 898, 907 (1960). The court disagrees. Even though the TAC states that Farhang disclosed a confidential business plan to IBM, TAC ¶ 45(a), and earlier complaints admit that Farhang engaged in "high level discussions"

with Sun, Microsoft, Motorola, and Sprint, Dkt. No. 111 Ex. A, neither these facts nor the existence of competition in the marketplace conclusively establish that IIT's alleged disclosure of plaintiffs' trade secrets to an IBM representative was not a substantial factor in causing plaintiffs to lose the opportunity to enter into a deal with Indian Railways. The TAC alleges that: (1) plaintiffs were well-positioned to deal with the Indian Railways because it had entered into a joint venture with an Indian government entity that would allow it to bypass the otherwise mandatory tender process; (2) Indian Railways had expressed interest by agreeing to a presentation of plaintiffs' technology on two separate occasions; and (3) Indian Railways eventually entered into a deal with IBM for the same mobile technology. TAC ¶¶ 45(h), 104. Viewing the factual allegations in the TAC as true and construing them in the light most favorable to plaintiffs, one could reasonably infer that IIT's conduct was a substantial factor in causing plaintiffs to suffer the alleged damages. The court therefore denies IIT's motion to dismiss plaintiffs' trade secret misappropriation claim.

### III. ORDER

For the foregoing reasons, the court:

1. Strikes the following highlighted portions of the TAC: reference to Brar in the caption, paragraphs 6(c) through (e), paragraph 10 footnote 1, paragraph 17, paragraph 26, paragraph 27(v), paragraph 32, paragraph 33(b), paragraphs 45(b) through (e), paragraphs 47(a), (c), and (d), paragraphs 48(b) and (c), paragraph 49, paragraph 60, paragraph 62, paragraphs 74 through 97, and paragraph 2 of the prayer for relief;

2. Dismisses plaintiffs' claim for breach of the Non-Use Provision of the NDA; and

3. Denies IIT's motion to strike and motion to dismiss in all other respects.

DATED: 9/7/10

RONALD M. WHYTE
United States District Judge