<em>United States District Court<br>For the Northern District of California</em>

**\*E-FILED 01-10-2011\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| M.A. MOBILE LTD. and MANDANA D. FARHANG,<br><br>        Plaintiffs,<br>  v.<br><br>INDIAN INSTITUTE OF TECHNOLOGY KHARAGPUR; TECHNOLOGY ENTREPRENEURSHIP AND TRAINING SOCIETY; PARTHA P. CHAKRABARTI; PALLAB DASGUPTA; GURASHISH S. BRAR; RAKESH GUPTA; PRAVANJAN CHOUDHRY; SUBRAT PANDA; ANIMESH NASKAR, and DOES 1 through 100, inclusive,<br><br>        Defendants.<br>_____/ | No. C08-02658 RMW (HRL)<br><br>**ORDER GRANTING PLAINTIFFS' SECOND MOTION FOR AN ORDER DEEMING TRADE SECRETS DISCLOSURE SUFFICIENT**<br><br>[Re:   Docket No. 208] |

     Plaintiffs M.A. Mobile Ltd. and Mandana D. Farhang sue for alleged breach of contract and trade secret misappropriation. According to plaintiffs, the technology in question enables dynamic, real-time parsing of data on mobile handheld devices. Plaintiffs essentially contend that defendants duped them into entering a supposed joint venture (which plaintiffs say turned out to be a sham) in order to obtain and then exploit plaintiffs' claimed trade secrets for themselves. Additionally, the parties dispute the ownership of certain technological "enhancements," which defendant Indian Institute of Technology, Kharagpur (IIT) says it created.

Plaintiffs previously moved for an order deeming their trade secret disclosure sufficient. That motion was granted in part and denied in part. This court found that plaintiffs' disclosure required clarification in some respect, but that it otherwise was sufficient. (*See* Docket No. 200, Sept. 3, 2010 Order). Plaintiffs subsequently served an amended disclosure; and, they now move for an order deeming that amended disclosure to be sufficient. Defendant IIT opposes the motion. The matter was deemed appropriate for determination without oral argument, and the noticed motion hearing was vacated. CIV. L.R. 7-1(b). Upon consideration of the moving and responding papers, this court grants the motion.[1]

A plaintiff suing for misappropriation of trade secrets must identify them with "reasonable particularity" before commencing discovery related to the claimed secrets. CAL. CODE CIV. PROC. § 2019.210. Such disclosure is required to provide "reasonable notice of the issues which must be met at the time of trial and to provide reasonable guidance in ascertaining the scope of appropriate discovery." *Diodes, Inc. v. Franzen*, 260 Cal. App.2d 244, 253, 67 Cal. Rptr. 19 (1968). Courts have broad discretion in determining whether a plaintiff's disclosure satisfies section 2019.210. *Perlan Therapeutics, Inc. v. Super. Ct.*, 178 Cal. App.4th 1333, 1337, 101 Cal. Rptr.3d 211 (2009).

"Trade secret identification does not require 'every minute detail' of the trade secret or the 'greatest degree of particularity possible.'" *Id.* at 1346, 101 Cal. Rptr.3d 211 (quoting *Advanced Modular Sputtering, Inc. v. Super. Ct.*, 132 Cal. App.4th 826, 830-31, 33 Cal. Rptr.3d 901 (2005)). "Nor does section 2019.210 envision a 'miniature trial on the merits of a misappropriation claim before discovery may commence.'" *Id.* (quoting *Advanced Modular*, 132 Cal. App.4th at 835-36, 33 Cal. Rptr.3d 901). "[W]here 'the alleged trade secrets consist of incremental variations on, or advances in the state of the art in a highly specialized technical

---

[1] The parties spend much time bickering about why meet-and-confer negotiations failed and who is to blame. Defendant claims that plaintiffs rushed to file the instant motion after abruptly terminating the meet-and-confer process. Plaintiffs claim that defendants unreasonably delayed the progress of the meet-and-confer negotiations. On the record presented, this court cannot tell with certainty who was being unreasonable, if at all. Suffice to say that the parties are expected to deal courteously with one another and to meet-and-confer in good faith prior to resolve all disputes before seeking the court's intervention in any disclosure or discovery matter. *See* CIV. L.R. 37-1.

2

field, a more exacting level of particularity may be required to distinguish the alleged trade secrets from matters already known to persons skilled in that field.'" *Id*. (quoting *Advanced Modular*, 132 Cal. App.4th at 836, 33 Cal. Rptr.3d 901). However, "when the nature of the alleged trade secret or the technical field in which it arises makes a detailed description alone inadequate to permit the defendant to learn the limits of the secret and develop defenses or to permit the court to understand the secret and fashion discovery, the court may require an explanation of how the alleged trade secret differs from matters known to skilled persons in the field as necessary to satisfy those needs." *Brescia v. Angelin*, 172 Cal. App.4th 133, 150, 90 Cal. Rptr.3d 852 (2009). Nevertheless, "[u]nder this flexible standard, absent a showing that the identification of the alleged trade secret alone lacks the particularity necessary to serve the statutory purposes, the trade secret claimant need not specify how the secret or its elements are distinguishable from matters known to skilled persons in the field." *Id*. at 149.

Defendant argues that the amended disclosure is incomplete, pointing out that the document itself states that the disclosures are "not complete." (Singh Decl. Ex A. at 12). In context, however, that portion of the disclosure indicates that although not every detail has been revealed, plaintiffs believe that sufficient details have been disclosed; and, they reserve the right to provide further detail if necessary. Plaintiffs further assert that, in discovery, they may learn of other misappropriated claimed trade secrets that they do not know about now. Defendant's stated concerns about the completeness of the amended disclosure is not a basis to deny plaintiffs' motion.

IIT next contends that it does not know whether the documents identified in the amended disclosure are themselves the misappropriated secrets, or whether the documents are simply examples of where the information may have been disclosed. This is an issue which could and should have been resolved without motions practice. To the extent there was any confusion on this point, plaintiffs state that the identified documents are not themselves the claimed trade secrets. Rather, the contents of those documents are claimed as secrets. The parties apparently dispute whether plaintiffs legitimately may claim trade secret status for the synthesis of any public information in those documents. But that is a matter that remains to be

3

seen and is not, at any rate, an issue for this court to decide in connection with the instant motion.

Defendant maintains that plaintiffs failed to comply with this court's September 3, 2010 order because the amended disclosure does not identify materials IIT allegedly failed to return to plaintiffs. This court found that plaintiffs' prior disclosure required some clarification because plaintiffs seemed to indicate that the allegedly misappropriated secrets comprised information or materials that defendants kept *and* returned to plaintiffs. (*See* Docket No. 200 at 7). Thus, there was some ambiguity in the prior disclosure as to the alleged misappropriation. The parties now dispute what the September 3, 2010 order required plaintiffs to do on amendment.[2] There is, however, no need to belabor the point. Plaintiffs clarify that they received copies of certain materials; but, they claim that defendants nonetheless retained critical source code and other materials containing the alleged trade secrets. And, as noted above, plaintiffs confirm that the contents, not the media itself, comprise the claimed trade secrets.

If IIT has lingering questions about what constitutes the claimed trade secrets or what claimed secrets allegedly were misappropriated, defendant has enough information now to properly frame discovery requests designed to elicit clarifying information. In sum, this court is unpersuaded by IIT's claim that it is being forced to "blindly defend itself." (Opp. at 5). Plaintiffs' amended disclosure provides "reasonable notice of the issues which must be met at the time of trial," as well as "reasonable guidance in ascertaining the scope of appropriate discovery." *Diodes, Inc.* 260 Cal. App.2d at 253, 67 Cal. Rptr. 19 (1968). Accordingly, plaintiffs' motion is granted. And, now that a protective order has been entered, this court expects that the parties should be able to resolve between themselves any lingering disputes about the production of documents identified in plaintiffs' amended disclosure.

Finally, in its opposition, IIT injected into these proceedings a dispute as to how discovery should proceed. The parties apparently disagree whether discovery should occur in phases and the manner in which discovery should initially be limited (if at all). These issues

---

[2] Although plaintiffs disagreed that the September 3, 2010 order required them to do so, they endeavored to identify for IIT the materials that they contend were not properly returned. (*See* Singh Decl. Ex. D).

4

appear to this court to be a case management matter for the parties to discuss with Judge Whyte. They should, in the first instance, raise and discuss the matter with him.

SO ORDERED.

Dated:   January 10, 2011

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

5:08-cv-02658-RMW Notice has been electronically mailed to:

Christopher Yeh     cyeh@orrick.com

Indra Neel Chatterjee     nchatterjee@orrick.com, adalton@orrick.com, jcalderon@orrick.com, kmudurian@orrick.com, mawilliams@orrick.com

Micah R. Jacobs     mjacobs@mbvlaw.com, amber@mbvlaw.com, leah@mbvlaw.com, ssingh@sanjivnsingh.com

Morvarid Metanat     mmetanat@orrick.com, descamilla@orrick.com

Nitin Gambhir     ngambhir@orrick.com

Theresa Ann Sutton     tsutton@orrick.com, broundy@orrick.com, kmudurian@orrick.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.

**United States District Court**
For the Northern District of California