1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| M.A. MOBILE LTD., a limited liability company chartered in Dominica; and MANDANA D. FARHANG, <br><br> Plaintiffs, <br> v. <br><br> INDIAN INSTITUTE OF TECHNOLOGY KHARAGPUR, an Indian Institute of Technology incorporated under the "Institutes of Technology Act, 1961"; TECHNOLOGY ENTERPRENEURSHIP AND TRAINING SOCIETY, an Indian society; PARTHA P. CHAKRABARTI; and Does 1 through 100, inclusive, <br><br> Defendants. | Case No.: 08-CV-02658-RMW <br><br> ORDER GRANTING MOTION REQUIRING DEFENDANTS' COUNSEL TO COMPLY WITH SEPTEMBER 30, 2011 STIPULATION <br><br> **[Re Docket No. 382]** |

Plaintiff Mandana D. Farhang ("plaintiff") filed the instant motion against defendant Indian Institute of Technology Kharagpur ("IITK") and defendant's counsel, Orrick, Herrington & Sutcliffe LLP, ("Orrick") seeking compliance with a stipulation requiring certain Orrick attorneys to be separated by an ethical wall. The court has heard the arguments of the parties and considered the papers submitted. For the reasons set forth below, the court grants the motion.

# I. BACKGROUND

In the underlying action, plaintiff brings claims against IITK and various others for breach of contract, fraud, and misappropriation of trade secrets. Dkt. No. 305, Ex. 1. Since 2009, Orrick has represented IITK in connection with plaintiff's claims. Dkt. No. 25. On May 20, 2011, Orrick approached plaintiff's counsel with a waiver of conflict so that it could hire Mr. Jeffrey McKenna to work in Orrick's Bay Area practice. Dkt. No. 310.

Previously, Mr. McKenna worked as a mid-level associate at Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden"). At Skadden, he participated in the representation of plaintiff in a wrongful termination suit against her former employer, HT Oil LLP, (the "HT Oil action") that included causes of action for violations of the California Labor Code, fraudulent inducement, negligent misrepresentation, breach of contract, breach of the covenant of good faith and fair dealing, and defamation. *See* Dkt. No. 305, Ex. 2. These claims stemmed from a fraud allegedly perpetrated by one of the general partners of HT Oil. *See* Dkt. No. 310, Ex. 2.

From July 2007 to September 2007, Mr. McKenna billed 224 hours on plaintiff's HT Oil action. Dkt. No. 310, Ex. 2. Although plaintiff and Mr. McKenna did not personally meet while he worked on the matter, *see* Dkt. No. 382, plaintiff alleges that Mr. McKenna performed extensive work on the case, including drafting of documentation relating to summary judgment motions, researching a defamation cause of action and various contractual causes of action, attending hearings, reviewing depositions, interacting with the chief architect of plaintiff's litigation strategy, attorney Jose Allen, as well as reporting directly to him on all matters. *See* Dkt. No. 310, Ex. 2. Plaintiff also alleges that during this time she "shared information about her technology, its perceived value, her work with the IITK joint venture, and the impact of that experience on her career and net worth" with Mr. Allen and his team. *Id*. Plaintiff's billing records show that Mr. McKenna performed at least the following specific tasks:

| July 13, 2007 | CONFER WITH J. ALLEN RE MSJ OPPOSITION AND STRATEGY DISUCSSION RE DEPOSITION SCHEDULE… |
| August 3, 2007 | CONFER WITH J. ALLEN REGARDING STRATEGY… |

*Id*.

Case No.: 08-CV-02658-RMW
ORDER GRANTING MOTION REQUIRING DEFENDANTS' COUNSEL TO COMPLY WITH STIPULATION

Because of Mr. McKenna's history, plaintiff initially declined to consent to the requested waiver. However, plaintiff later agreed not to seek disqualification of Orrick on the grounds of Mr. McKenna's hiring, provided that Orrick agreed to a suitable ethical wall. On September 30, 2011, the parties reached stipulation including the following terms:

> (g) During the pendency of the Current Action (and any subsequent litigation involving the current dispute between Ms. Farhang and Defendant IITK or its affiliates), in which Orrick represents IITK and/or its affiliates, Mr. McKenna will not reside in the same physical office building as Neel Chatterjee, Theresa Sutton, or whichever attorney is then current lead attorney for the IITK matter.
>
> (h) Maintenance of the ethical wall will be monitored by an attorney who (1) does not reside in the same office as the principal headquarters for the lead Orrick attorneys responsible for the IITK representation (currently Orrick's Silicon Valley office), (2) is not a member of Orrick's intellectual property practice group.

Dkt. No. 323, ¶ 1(g)-(h). Plaintiff indicated that it "would not seek to disqualify Orrick based upon Mr. McKenna's employment," so long as Orrick complied with the agreed upon stipulation. Dkt. No. 323.

After agreeing to the terms of the stipulation, Mr. McKenna was hired in Orrick's e-discovery practice group in the firm's San Francisco office. *See* Dkt. No. 384. Mr. James E. Thompson, an associate in Orrick's securities litigation practice group in San Francisco, was tasked with monitoring the maintenance of the ethical wall.

Plaintiff alleges that Orrick has breached the terms of the stipulation by appointing partner Karen Johnson-McKewan, who works on the same floor of the San Francisco office as Mr. McKenna, to the role of co-lead, or lead attorney on the IITK matter. Plaintiff grounds this contention, among other things, on Ms. Johnson-McKewan's appearance at a February 17, 2012 case management conference, which plaintiff alleges was in fact a Rule 26(f) conference. *See* Dkt. No. 382. Ms. Johnson-McKewan was also listed as lead attorney when her appearance was entered by Orrick on the ECF docket. Orrick concedes that Ms. Johnson-McKewan "filled in" for Neel Chatterjee on occasion, but contends that she was not appointed lead attorney on the matter. *See* Dkt. No. 386, Chatterjee Decl. When plaintiff raised the issue of a stipulation violation at the February 17, 2012 conference, Ms. Johnson-McKewan informed the court that she was unaware of

the stipulation and did not know Mr. McKenna because Orrick's "San Francisco office is quite large." Dkt. No. 382, Ex. C. She advised the court that the parties would meet and confer to discuss the issue.

The parties have been unable to resolve this dispute. Orrick has since moved Mr. McKenna from the seventh floor of Orrick's San Francisco office to the ninth floor. *See* Dkt. No. 389, Thompson Decl. Plaintiff now argues that Orrick should either (1) remove Ms. Johnson-McKewan from representation of IITK in this matter (and all related matters) as long as she is principally located in San Francisco[1] or (2) remove Mr. McKenna from the Bay Area if both Orrick's Silicon Valley office and San Francisco office remain involved in the instant action. Alternatively, plaintiff seeks disqualification of Orrick should Orrick fail to comply with the above conditions or if the court deems the current circumstances sufficient to constitute a violation of the State Bar Rules of Professional Conduct.

## II. DISCUSSION

At the outset, the court notes that it is not expressing an opinion as to whether Mr. McKenna possesses confidential information as a result of his participation in the representation of plaintiff while he worked at Skadden, or whether a substantial relationship exists between the instant action and plaintiff's previous action against her former employer. Although the parties devote a great deal of attention in their papers to these issues, plaintiff's primary purpose in filing the instant motion appears to be ensuring Orrick's compliance with the stipulation agreement. Accordingly, the court narrows its discussion to two issues: (1) whether Ms. Johnson-McKewan is "lead attorney" on the IITK matter, and (2) if so, whether Orrick has complied with the stipulation by moving Mr. McKenna from the seventh floor of the firm's San Francisco office, where Ms. Johnson-McKewan resides, to the ninth floor.

"Lead attorney" is not defined in the stipulation. The stipulation is also ambiguous as to whether there can be only one "lead attorney" or multiple lead attorneys. The purpose of the stipulation seems to be preventing interaction between Mr. McKenna and *any* Orrick lawyer with

---

[1] Orrick maintains that Ms. Johnson-McKewan splits her time between Orrick's San Francisco and Silicon Valley offices, though she spends most of her time in the San Francisco office. *See* Dkt. No. 388, Johnson-McKewan Decl.

1   policy-making authority, which suggests that there could be more than one "lead attorney."

2   Furthermore, the stipulation states that "maintenance of the ethical wall will be monitored by an

3   attorney who does not reside in the same office as the… *lead Orrick attorneys*…" Dkt. No. 323, ¶

4   1(h) (emphasis added), suggesting that there can be more than one lead attorney. As such, the court

5   finds that the stipulation allows for more than one "lead attorney," and now turns to Ms. Johnson-

6   Mckewan's involvement in the case.

7          It is undisputed that Ms. Johnson-McKewan appeared at a February 17, 2012 case

8   management conference on behalf of IITK. *See* Dkt. No. 383, Ex. C. In leading to that appearance,

9   Theresa Sutton emailed plaintiff's counsel about setting a date for a Rule 26(f) conference, noting

10  that "the Rule 26 conference is a good opportunity to discuss a solution before the parties begin

11  unbridled discovery. We should attempt to find a time to conduct such a meeting." Dkt. No. 383,

12  Ex. D. Further, Ms. Sutton stated in another email, "We are amenable to setting up a Rule 26(f)

13  conference in February…" *Id*. The February 17, 2012 conference was the first date the parties

14  appeared before the court after these emails. *Id* at Ex. C. The parties discussed the discovery

15  schedule at this conference and Ms. Johnson-McKewan was present and addressed the court on

16  behalf of IITK. *Id*. "The conferring and planning that is mandated by [Rule] 26(f) and by ADR

17  Local Rule 3-5 must be done by lead trial counsel for each party." Civil L.R. 16-3. Orrick contends

18  that the conference was not intended to be a Rule 26(f) conference, but just a status conference.

19  Whether the February 17, 2012 conference was a Rule 26(f) conference or not, the court finds it

20  clear that only a person with policy-making authority would have participated at the conference.

21         Additionally, the court notes that Ms. Johnson-McKewan was listed as lead attorney on the

22  Official Court Document Filing System ("ECF"). Orrick contends that a secretary "accidentally"

23  designated her as lead attorney for the case. While the court certainly appreciates secretarial

24  mishaps, Ms. Johnson-McKewan's designation as lead attorney, along with her purported lack of

25  knowledge of the stipulation is indicative of Orrick's somewhat *laissez-faire* approach to

26  complying with the stipulation.

27         Accordingly, for the purposes of this stipulation, the court finds that Ms. Johnson-

28  McKewan has assumed the role of "lead attorney."

United States District Court
For the Northern District of California

1    The court also finds unpersuasive Orrick's contention that it has complied with the

2    stipulation by prohibiting communication between Mr. McKenna and Ms. Johnson-McKewan and

3    moving the lawyers to different floors. While there is no evidence that Ms. Johnson-McKewan has

4    had any contact with Mr. McKenna, and while the court does not disagree that these protective

5    measures may be effective safeguards, the stipulation is clear: "Mr. McKenna will not reside in the

6    **same physical office building** as Neel Chatterjee, Theresa Sutton, or whichever attorney is then

7    current lead attorney for the IITK matter." Dkt. No. 323, ¶ 1(g) (emphasis added). Because Ms.

8    Johnson-McKewan is a lead attorney on the case, and because she resides in the same office

9    building in San Francisco as Mr. McKenna, Orrick has violated the plain terms of the stipulation.

### III. ORDER

11    For the foregoing reasons, the court grants plaintiff's motion. Orrick may either (1) remove

12    Ms. Johnson-McKewan from representation of IITK in the instant action, (2) move Mr. McKenna

13    from Orrick's Bay Area offices so long as lead attorneys for the instant action reside in the firm's

14    San Francisco and Silicon Valley offices, or (3) move Ms. Johnson-McKewan to the Silicon Valley

15    Office. Should Orrick fail to adopt one of these proposals, plaintiff may move for disqualification

16    as provided by the stipulation.

Dated:    July 17, 2012

RONALD M. WHYTE
United States District Judge

United States District Court
For the Northern District of California