UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| M.A. MOBILE LTD, a limited liability company charted in Dominica; and MANDANA D. FARHANG,<br><br>Plaintiffs,<br><br>v.<br><br>INDIAN INSTITUTE OF TECHNOLOGY KHARAGPUR, an Indian Institute of Technology incorporated under the "Institutes of Technology Act, 1961"; PARTHA P. CHAKRABARTI; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. C-08-02658-RMW<br><br>**ORDER GRANTING-IN-PART AND DENYING-IN-PART MOTION TO SEAL**<br><br>[Re Docket No. 416] |

To be sealable a document must be "privileged or protectable as a trade secret or otherwise entitled to protection under the law." L.R. 79-5(a). It is not appropriate to seal documents merely because a party has marked them confidential under the protective order. Furthermore, "compelling reasons" are required to seal documents used in dispositive motions. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Generally, the type of compelling reason sufficient to outweigh the public's interest in disclosure exists when the court files might be used as a vehicle for improper purposes such as to "gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.*

Based upon the declarations filed by the parties and the exhibits, the court grants-in-part and denies-in-part plaintiffs administrative motion to seal, Dkt. No. 416, and orders as follows with respect to the exhibits to the Declaration of Sanjiv N. Singh, Dkt. No. 415-1:

- Exhibits 1 & 5: The court grants leave to redact the street names, street numbers, and phone numbers of third-party Gurashish Singh Brar. It does not grant leave to redact city, state or zipcode from Brar's address.
- Exhibit 6: The exhibit contains an email, which the court denies leave to seal because much of the content, including the section relevant to the dispositive motion it is filed in support of, is not protectable. However, the court grants leave to redact the text between "heres the problem:" and "thanks" on the first page of the exhibit because that text appears to contain protectable proprietary information.[1]
- Exhibit 8 & 12: Based on the information in the declaration the court cannot find that descriptions of which publicly available software packages need to be installed in order to run a demo seven years ago is a trade secret or otherwise protectable. The court denies leave to seal, but without prejudice.
- Exhibit 22: This exhibit contains potentially sensitive personal information. The court grants leave for the minimal redactions plaintiff has indicated.
- Exhibit 13 & 27: These exhibits contain discussion of strategy and target markets. If these discussions were recent, the court would grant leave to seal, but absent a declaration clearly establishing that seven year-old discussions still contain trade secrets, the court denies leave to seal, but without prejudice.
- Exhibits 2-4, 7, 9-11, 14, 16, 17, 21, 24-26, 28: Both parties have agreed that these documents do not need to be sealed. Therefore, the court denies leave to seal.

Either party may, within four days of the issuance of this order, file another declaration setting forth with specificity why exhibits 8, 12, 13, or 27 are still trade secrets or should otherwise be sealed. All of the other exhibits at issue must either be withdrawn or filed consistent with this

---

[1] There is no protectable material on the second page of the exhibit, which contains the text of a October 29, 2004 email, because the text appears to be a direct quote from a publicly available Microsoft webpage. *See* SQLXML, Microsoft Developer Network, http://msdn.microsoft.com/en-us/library/aa286527.aspx.

ORDER RE MOTION TO SEAL
Case No. C-08-02658-RMW
SW
- 2 -

order, the local rules, and General Order 62.  This order also becomes final after four days for any of exhibits 8, 12, 13, or 27 for which the parties fail to file a declaration, and the exhibits must either be withdrawn or filed consistent with this order, the local rules, and General Order 62.

Dated: September 20, 2013



RONALD M. WHYTE
United States District Judge

ORDER RE MOTION TO SEAL
Case No. C-08-02658-RMW
SW

- 3 -