UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| M.A. MOBILE LTD, a limited liability company charted in Dominica; and MANDANA D. FARHANG,<br><br>Plaintiffs,<br><br>v.<br><br>INDIAN INSTITUTE OF TECHNOLOGY KHARAGPUR, an Indian Institute of Technology incorporated under the "Institutes of Technology Act, 1961"; PARTHA P. CHAKRABARTI; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. C-08-02658-RMW<br><br>**ORDER FOR MORE BRIEFING**<br><br>[Re Docket Nos. 403, 420] |

In reviewing the Indian Institute of Technology's ("IIT") motion to vacate and dismiss, Dkt. No. 403, IIT appears to be distinguishing waiver under the Foreign Sovereign Immunities Act between claims by Farhang against IIT and claims by M.A. Mobile against IIT. IIT's argument appears to rely on the fact that the non-disclosure agreement, which is one basis for plaintiffs' claim of waiver of immunity, was between M.A. Mobile and IIT and not between Farhang and IIT.

The court would like more briefing on whether Farhang can be a third-party beneficiary of the NDA such that waiver of immunity would apply. The court would also like parties to brief what

should happen procedurally if the court were to find immunity applies without the NDA waiver and that the NDA waiver only applies to M.A. Mobile's claims against IIT, but not Farhang's claims.

At the hearing, the court understood defendants to represent that Chakrabarti's subject matter jurisdiction challenge was a factual challenge. On factual challenges, however, "where the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits, the jurisdictional determination should await a determination of the relevant facts on either a motion going to the merits or at trial." *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). The court would like briefing on whether the jurisdictional and substantive issues in this case are too intertwined for resolution at this stage.

Defendants are ordered to file a brief of no more than 8 pages by September 27, 2013. Plaintiffs must file any response, of no more than 8 pages, by October 2, 2013.

Dated: September 20, 2013

RONALD M. WHYTE
United States District Judge