NOT FOR CITATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.A. MOBILE LTD., a limited liability company chartered in Dominica; and MANDANA D. FARHANG,<br><br>Plaintiffs,<br><br>v.<br><br>INDIAN INSTITUTE OF TECHNOLOGY KHARAGPUR; PARTHA P. CHAKRABARTI; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 5:08-cv-02658 RMW (HRL)<br><br>**ORDER RE DISCOVERY DISPUTE JOINT REPORT NO. 1**<br><br>[Re: Dkt. No. 470] |

On February 10, 2014, the parties submitted Discovery Dispute Joint Report (DDJR) No. 1. In it, plaintiffs seek an order quashing a documents subpoena served by defendants on the Keker & Van Nest law firm (Keker). Alternatively, plaintiffs request that the court issue a protective order, requiring defendants and Keker to give her 30 days to meet-and-confer about possible privilege issues before Keker produces any responsive documents. The matter is deemed suitable for determination without oral argument. Civ. L.R. 7-1(b). For the reasons stated below, this court declines to quash the subpoena outright. Nevertheless, Keker's compliance will be stayed and plaintiff will be given 15 days from the date of this order in which to meet-and-confer about privilege issues.

Plaintiff Farhang previously was represented by Skadden, Arps, Slate, Meagher, & Flom

LLP (Skadden) from 2006 to 2008 in connection with an oil and gas matter. Farhang has sued Skadden for malpractice, and that case is pending in California state court. Keker represents Skadden in that malpractice action.

On February 7, 2014, defendants, represented by Orrick, Herrington & Sutcliffe (Orrick), subpoenaed Keker for documents it obtained in the Skadden malpractice action and which "evidence or refer to":

- any legal proceeding brought by Mandana Farhang or M.A. Mobile Ltd. against the Indian Institute of Technology (IIT) or Partha P. Chakrabarti;
- IIT
- Partha P. Chakrabarti;
- Cool e-Mobile;
- Indian Railways;
- Matt Dowling; and
- Varsha Singh

Additionally, the subpoena seeks production of all records, transcripts and exhibits from any deposition testimony in the Skadden malpractice suit that concerns or references all of the foregoing. (DDJR, Ex. A). Defendants contend that the subpoenaed documents are relevant to the instant action because they pertain to the two defendants in the instant action (IIT and Chakrabarti); the alleged joint venture at issue (Cool e-Mobile); (3) the alleged lost customer (Indian Railways); and (4) two key witnesses (Singh and Dowling).

The compliance deadline for the subpoena was set for the following Tuesday, February 11.

Plaintiffs object to the subpoena on the grounds that (1) defendants failed to provide them with prior notice of the subpoena; and (2) the subpoenaed documents likely include attorney-client privileged communications.

This court is doubtful that defendants truly needed the subpoenaed documents as urgently as they claim. Defendants say that they had no choice but to subpoena Keker on short notice because plaintiffs reportedly refused to supplement their discovery responses in a manner which would allow Orrick to use any of that discovery to oppose plaintiffs' renewed motion for disqualification, currently set for a March 7, 2014 hearing before Judge Whyte. However, both sides agree that the Skadden malpractice suit pertains to Skadden's representation of Farhang in an

entirely unrelated oil and gas matter; and, the likelihood of Keker having possession of relevant documents therefore seems low.  It is unclear why defendants chose to subpoena documents indirectly from Keker, rather than file a DDJR requesting an order compelling the documents directly from plaintiffs.  Defendants nevertheless maintain that plaintiffs have concealed documents relevant to the underlying merits of the instant lawsuit, as well as to plaintiffs' renewed motion for disqualification.  They believe that some of these documents have been produced to Keker in the Skadden malpractice suit.  And, even plaintiffs suggest that there may well be communications pertaining to the joint venture at issue in the instant litigation.  (See, e.g., DDJR at 4:24-27).

As a procedural matter, plaintiffs correctly note that Orrick was obliged to serve them with a copy of the subpoena before service on Keker.  See Fed. R. Civ. P. 45(a)(4) ("If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party.").  The purpose of the required prior notice "is to afford other parties an opportunity to object to the production or inspection." Fed. R. Civ. P. 45 advisory committee's note, 1991 amendments.  The rule, on its face, does not say how much advanced notice must be given.  But, courts generally find that notice must be reasonable.  See Butler v. Biocore Med. Techs., Inc., 348 F.3d 1163, 1173 (10th Cir. 2003) ("For an objection to be reasonably possible, notice must be given well in advance of the production date.").

Here, defendants served the subpoena on plaintiffs at 7:30 a.m. on Friday, February 7, only a few hours before Keker was served.  (DDJR No. 1 at 9:23-27).  And, as noted above, the February 11 compliance deadline was a mere 4 days later, including the weekend.  Strictly speaking, plaintiffs were served with notice before Keker was.  But, under the particular circumstances presented here, and because this court does not believe that defendants needed the documents as urgently as they claim, it finds that defendants failed to provide plaintiffs with reasonable notice of the subpoena.  Even so, the court will not quash the subpoena on this basis

United States District Court
Northern District of California

because it finds that the prejudice to plaintiffs---if any---may be remedied by giving them more time to confer about possible privilege issues.

A party that is not the recipient of a subpoena has standing to challenge the subpoena "only where its challenge asserts that the information is privileged or protected to itself." Diamond State Ins. Co. v. Rebel Oil Co., Inc., 157 F.R.D. 691, 695 (D. Nev. 1994). Here, plaintiffs express concern that some of the subpoenaed documents may be privileged. This is a disputed point. Defendants note that plaintiffs have not identified any such privileged documents on their privilege log. Additionally, defendants have confirmed that they do not want any privileged communications. And, this court is told that Keker has promised not to produce anything that could arguably be privileged. The parties also dispute whether any privilege may have been waived.

While it is unclear whether any privileged documents actually exist, and without opining as to whether any privilege has been waived, this court will give plaintiffs an opportunity to properly meet-and-confer in an effort to sort those matters out.

Based on the foregoing, plaintiffs' request for an order quashing the subpoena is denied. Nevertheless, Keker's compliance with the subpoena shall be stayed for a period of 15 days from the date of this order so that plaintiffs may meet-and-confer about possible privilege issues.

SO ORDERED.

Dated: February 13, 2014

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

4

5:08-cv-02658-RMW Notice has been electronically mailed to:

Benjamin Sung-Ping Lin     blin@orrick.com, pruby@orrick.com, vcloyd@orrick.com

Christopher Benjamin Yeh     cbyeh@duanemorris.com, jreed@DuaneMorris.com

Elizabeth Cincotta McBride     emcbride@orrick.com, jromero@orrick.com

Indra Neel Chatterjee     nchatterjee@orrick.com, adalton@orrick.com, jcalderon@orrick.com, jcamaya@orrick.com, kmetti@orrick.com, kmudurian@orrick.com

James Freedman     jfreedman@orrick.com

James Elliott Thompson     jthompson@orrick.com, gjohnson@orrick.com, mohara@orrick.com

Micah R. Jacobs     mjacobs@jacobslawsf.com, gboberg@jacobslawsf.com, jmorla@jacobslawsf.com, ssingh@sanjivnsingh.com

Morvarid Metanat     mmetanat@orrick.com, adalton@orrick.com, kmudurian@orrick.com

Sanjiv Nand Singh     ssingh@sanjivnsingh.com

Theresa Ann Sutton     jakandjon@yahoo.com, kmudurian@orrick.com

Thomas H. Zellerbach     tzellerbach@orrick.com, asternad@orrick.com, dboulankine@orrick.com, kbarnick@orrick.com, tlang@orrick.cojm

William F. Alderman     walderman@orrick.com, elee@orrick.com