UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| M.A. MOBILE LTD., a limited liability company chartered in Dominica; and MANDANA D. FARHANG<br><br>Plaintiffs,<br><br>v.<br><br>INDIAN INSTITUTE OF TECHNOLOGY KHARAGPUR, an Indian Institute of Technology incorporated under the "Institutes of Technology Act, 1961"; PARTHA P. CHAKRABARTI; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. C-08-02658-RMW<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO QUASH SUBPOENA AND GRANTING LEAVE TO FILE MOTION FOR RECONSIDERATION OF ORDER DENYING PLAINTIFFS' MOTION TO DISQUALIFY**<br><br>[Re Docket No. 458] |

Plaintiffs Mandana Farhang ("Farhang") and M.A. Mobile (collectively "plaintiffs") allege that defendants Indian Institute of Technology Kharagpur ("IIT") and Partha P. Chakrabarti ("Chakrabarti") breached a joint venture agreement and misappropriated plaintiffs' technology. Plaintiffs subpoenaed defendants' lead counsel, Neel Chatterjee ("Atty. Chatterjee"), because they believe he used confidential client information from Farhang to assist defendants' breach of the joint venture agreement. Because plaintiffs have not shown that deposing Atty. Chatterjee will uncover relevant, nonprivileged information, defendants' motion to quash the subpoena is granted.

ORDER
Case No. C-08-02658-RMW
LRM

- 1 -

## I. Background

Plaintiffs first moved to disqualify Orrick in 2009. Dkt. No. 29. The basis for disqualifying Orrick was that James Telfer ("Atty. Telfer"), a former Orrick partner, represented Farhang in connection with employment negotiations with a company named Ikonodyne. Dkt. No. 86, Order at 2. Atty. Telfer and two associates who worked on the matter had left Orrick by January 2008, before—the court was previously informed—Orrick was contacted by defendants in this case. Order at 3. The court found that that the Ikonodyne representation was "substantially related" to the current case, and held an evidentiary hearing to determine whether any current Orrick lawyer had accessed Farhang's client files and obtained confidential information. Order at 6. At the evidentiary hearing the court heard testimony from Atty. Chatterjee and others. Dkt. No. 100; Alderman Decl. Ex. A (Hearing Tr.). Atty. Chatterjee testified that he had not provided IIT or Chakrabarti with legal advice concerning negotiations with Farhang. Alderman Decl. Ex. B, Hearing Tr. at 79:5-21. Based on the testimony and the parties' papers, the court determined that no current Orrick attorney had accessed Farhang's client information, leaving no reason to disqualify Orrick. Dkt. No. 98, Order after hearing; Cal. R. Prof. Cond. 3-310(E).

Almost three years later, Atty. Chatterjee sent a letter to the court stating that after reviewing the production in this case, he "learned of several documents that reflect my having had communications with [Chakrabarti] in which he sought my legal advice regarding Ms. Farhang." Alderman Decl. Ex. B (Chatterjee Letter). The "communications" began in 2004, while Atty. Telfer was still employed at Orrick. Dkt. No. 463, Zellerbach Decl. Ex. D (Chatterjee privilege log). Atty. Chatterjee has not disclosed the substance of the communications, citing attorney-client privilege. *Id.*

After the hearing on the motion to quash, plaintiffs filed a Motion Requesting Reconsideration of the Order Denying Motion to Disqualify Counsel. Dkt. No. 467. The court will consider that motion following full briefing and argument, currently scheduled for March 7, 2014.

## II. Analysis

### A. Deposing Atty. Chatterjee will not reveal nonprivileged information

The practice of deposing trial counsel is disfavored. The commonly cited *Shelton* test requires a party seeking to depose opposing counsel to show that (1) no other means exist to obtain the information, (2) the information sought is relevant and nonprivileged, and (3) the information is crucial to the preparation of the case. *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986).[1]

Plaintiffs maintain that Atty. Chatterjee accessed Farhang's confidential client file and used information from the file to assist defendants' breach of the joint venture agreement. Dkt. No. 459, Opp. at 7. However, plaintiffs have not shown that any of the allegedly relevant communications between Atty. Chatterjee and Chakrabarti are nonprivileged.

Generally, attorney-client privilege applies to confidential communications between a lawyer and another person regarding legal advice. Restatement (Third) of Law Governing Lawyers § 68 (2000). Plaintiffs repeatedly emphasize that the communications were "personal," but their only basis for this assertion is that Atty. Chatterjee and Chakrabarti are family friends, and Atty. Chatterjee's admission that he did not conduct any conflicts check prior to advising Chakrabarti. Opp. at 6. Atty. Chatterjee's personal relationship with Chakrabarti has no bearing on attorney-client privilege so long as the communications sought legal advice and took place in confidence. Atty. Chatterjee's failure to run a conflict check before engaging in communications with Chakrabarti does not waive privilege.

Plaintiffs also claim that Atty. Chatterjee admitted that the communications were personal at the earlier hearing. Opposition at 11. First, this is an overstatement of Atty. Chatterjee's testimony. Hearing Tr. at 65:6-66:18 (describing how Atty. Chatterjee met Chakrabarti and a brief discussion of Atty. Chatterjee possibly working with IIT students). Second, Atty. Chatterjee obviously did not

---

[1] Although plaintiffs argue for the more flexible "totality of the circumstances test," Opp. at 17, the *Shelton* test is widely accepted in this district. *See Chao v. Aurora Loan Servs., LLC*, No. C 10-3118 SBA LB, 2012 WL 5988617, at *3 (N.D. Cal. Nov. 26, 2012) ("District courts in this district and elsewhere in the Ninth Circuit recognize *Shelton* as the leading case on attorney depositions."). Regardless, the court reaches the same conclusion under the totality of the circumstances test because of the risk of encountering attorney-client privilege issues.

admit that the conversations were personal, because he did not even recall having the communications now at issue. Alderman Decl. Ex. B, Chatterjee Letter.

The court fails to see how any communications between Atty. Chatterjee and Chakrabarti that are not covered by attorney-client privilege would be relevant to plaintiff's case. If plaintiffs wish to further probe the basis for claiming privilege, the appropriate means is to depose the client, not the attorney.

### B. The newly disclosed communications are sufficient to allow a motion for reconsideration of the court's Order Denying Motion to Disqualify

The court's prior ruling on the motion to disqualify dealt with imputed conflicts involving former law firm attorneys, because it appeared that Atty. Chatterjee's attorney-client relationship with the defendants began after Atty. Telfer left Orrick. Dkt. No. 98. Although Orrick alleges that the newly disclosed communications "indicat[e] that [Atty. Chatterjee's] attorney-client relationship with Defendant's began prior to the present litigation but still well after Orrick's representation of Ms. Farhang by a different lawyer at Orrick had ended," Motion at 3, Orrick does not address that these communications occurred while Atty. Telfer was still at Orrick.

Because of these newly disclosed facts, the court grants plaintiffs' leave to file a motion for reconsideration of the court's Order Denying Motion to Disqualify. *See* Fed. R. Civ. Pro. 54(b); Civ. L. R. 7-9. Plaintiffs have done so, Dkt. No. 467, and the court will hear argument on that motion on March 7, 2014.

### III. Order

Plaintiffs have not shown that deposing Atty. Chatterjee will uncover nonprivileged information relevant to their case. Defendants' motion to quash the subpoena is granted. The court will consider plaintiff's motion for reconsideration, Dkt. No. 467, after briefing and argument.

Dated: February 28, 2014

_____
Ronald M. Whyte
United States District Judge