UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| M.A. MOBILE LTD., a limited liability company chartered in Dominica; and MANDANA D. FARHANG,<br><br>Plaintiffs,<br><br>v.<br><br>INDIAN INSTITUTE OF TECHNOLOGY KHARAGPUR, an Indian Institute of Technology incorporated under the "Institutes of Technology Act, 1961"; PARTHA P. CHAKRABARTI; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. C-08-02658-RMW (HRL)<br><br>**ORDER RE: ADMINISTRATIVE MOTIONS TO SEAL** |

1    Before the court are three administrative motions to seal eight documents. Parties moving
2 to seal documents attached to non-dispositive motions must meet the "good cause" standard of
3 Federal Rule of Civil Procedure 26(c). *Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172,
4 1179 (9th Cir. 2006). As with dispositive motions, the standard applicable to nondispositive
5 motions requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if
6 the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206,
7 1210-11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c).

8    Pursuant to Rule 26(c), a trial court has broad discretion to permit sealing of court
9 documents for, *inter alia*, the protection of "a trade secret or other confidential research,
10 development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). Pursuant to Civ. L. R. 79-
11 5(b), a sealing order is appropriate only upon a request that establishes the document is
12 "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under
13 the law." "The request must be narrowly tailored to seek sealing only of sealable material, and
14 must conform with Civil L.R. 79-5(d)." Civ. L.R. 79-5(b) (requiring the submitting party to
15 attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists
16 in table format each document or portion thereof that is sought to be sealed," and an "unreadacted
17 version of the document" that indicates "by highlighting or other clear method, the portions of the
18 document that have been omitted from the redacted version."). "Within 4 days of the filing of the
19 Administrative Motion to File Under Seal, the Designating Party must file a declaration as
20 required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable."
21 Civ. L.R. 79-5(e)(1).

22    With these standards in mind, the courts rules on the instant motions as follows.

| Motion to Seal | Document to be Sealed | Ruling | Reason/Explanation |
|---|---|---|---|
| 460 | Portions of plaintiff's client file. | GRANTED | Narrowly tailored to attorney-client communications. |
| 460 | Defendants' Privilege Log | DENIED | Contains no confidential information. |
| 472 | Exhibits 4, 7, 12, and 16: Portions of plaintiff's client file | GRANTED | Narrowly tailored to attorney-client communications and attorney work product. |
| 472 | Portions of Defendants' Brief in Opposition to Plaintiffs' Motion For Reconsideration Of Order Denying Motion To Disqualify Orrick | GRANTED | Narrowly tailored to attorney-client communications and attorney work product. |
| 481 | Confidential Settlement Agreement between Mr. Kenville and Ms. Farhang. | GRANTED | Narrowly tailored to confidential business information. |

**IT IS SO ORDERED.**

**Dated:** April 4, 2014

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge