UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| M.A. MOBILE LTD., a limited liability company chartered in Dominica; and MANDANA D. FARHANG<br><br>Plaintiffs,<br><br>v.<br><br>INDIAN INSTITUTE OF TECHNOLOGY KHARAGPUR, an Indian Institute of Technology incorporated under the "Institutes of Technology Act, 1961"; PARTHA P. CHAKRABARTI; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. C-08-02658-RMW<br><br>**ORDER GRANTING STAY**<br><br>[Re Docket No. 467] |

Defendants Indian Institute of Technology Kharagpur ("IIT") and Partha P. Chakrabarti ("Chakrabarti") move for a stay of trial court proceedings pending their appeal of the court's Order Denying Motion to Dismiss. *See* Dkt. No. 493 (Motion to Stay); Dkt. No. 487 (Order). Having reviewed the parties' papers, the court finds this motion suitable for decision without a hearing.

IIT and Chakrabarti's current appeal involves the denial of a motion to dismiss on the basis of sovereign immunity. This is the second appeal in this case on the basis of sovereign immunity. *See* Dkt. No. 349 (Notice of Appeal by IIT and TIETS). IIT first moved to dismiss plaintiffs' first amended complaint on the basis of sovereign immunity, Dkt. No. 60, which the court denied based

ORDER GRANTING STAY
Case No. C-08-02658-RMW
LRM

- 1 -

1  on both commercial activity and waiver exceptions to sovereign immunity. Dkt. No. 107.

2  Technology Incubation Entrepreneurship and Training Society ("TIETS"), a related Indian society,

3  then moved to dismiss on a similar basis, Dkt. No. 290, which the court also denied on the

4  commercial activity exception, Dkt. No. 341. Defendants appealed both rulings, and the Ninth

5  Circuit ordered that defendant TIETS be dismissed but did not reach IIT's appeal because it was

6  untimely and raised different issues than TIETS. *See* Dkt. No. 402. In fact, IIT's appeal was filed

7  nearly two years after the order denying its motion to dismiss. *See* Dkt. No. 107 (Order filed Jan. 26,

8  2010 and Dkt. No. 349 (Notice of Appeal filed Jan. 25, 2012). In light of the Ninth Circuit's

9  decision, IIT filed another motion to dismiss arguing the application of both the commercial activity

10 and waiver exceptions to plaintiffs' claims in their third amended complaint. Dkt. No. 403. The

11 court continued to hold that the waiver exception applied. Dkt. No. 487.

12 In the context of interlocutory appeals based on qualified immunity, the district court is

13 automatically divested of jurisdiction to proceed with trial pending appeal unless the district court

14 finds that the defendants' claim of immunity is frivolous or has been waived, and certifies such in

15 writing. *See Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992); *Eckert Intern., Inc. v.*

16 *Government of Sovereign Democratic Republic of Fiji*, 834 F. Supp. 167 (E.D. Va. 1993) (staying

17 case pending FSIA appeal); *accord Yates v. City of Cleveland*, 941 F.2d 444, 448-49 (6th Cir.

18 1991); *Stewart v. Donges*, 915 F.2d 572, 576-78 (10th Cir. 1990).

19 Plaintiffs argue that the appeal is frivolous because it is essentially an appeal of the court's

20 first order denying immunity which would make the appeal clearly untimely. Defendants respond

21 that the presently-appealed Order is based on a new complaint with new facts. A review of the two

22 motions, Dkt. Nos. 60 and 403, shows that the motions are materially different.

23 In the first Motion to Dismiss, IIT argued that the waiver exception did not apply because

24 Farhang was not an assignee or third party beneficiary to the alleged contract between IIT and M.A.

25 Mobile. Dkt. No. 60. The court agreed that Farhang was not an assignee, but held that Farhang had

26 proffered in her opposition papers sufficient evidence that she is an intended third party beneficiary

27 (such that IIT's waiver of sovereign immunity would apply to her claims) to justify allowing her to

28 amend her complaint *to attempt to assert such status*. The court therefore granted plaintiffs leave to

1  amend their complaint to state that Farhang is a third party beneficiary of the NDA and to plead

2  facts sufficient to support this claim. Dkt. No. 107 at 9. Accordingly, plaintiffs amended their

3  complaint. Dkt. No. 147 (Third Amended Complaint).

In the currently-appealed order denying dismissal, IIT argues that the terms of the contract do not support a finding a waiver, especially as to specific claims, and that Farhang is not a third party beneficiary in light of the facts alleged in the Third Amended Complaint. *See* Dkt. No. 403.

Defendants are correct that until the March 25, 2014 Order the court did not definitively rule on whether Farhang had established facts to show that she is a third party beneficiary. Dkt. No. 487 at 6-7 (analyzing for the first time the evidentiary dispute between the parties on whether Farhang was a third party beneficiary). Thus, the current appeal is defendants' first challenge to this court's Order that Farhang sufficiently pleaded facts to show she is a third party beneficiary to the M.A. Mobile-IIT contract and thus can take advantage of the waiver exception. Although the court is concerned with the timing of IIT and Chakrabarti's appeal and the further delay that will result in this case, the court does not find that the appeal is frivolous. Therefore, the court GRANTS the motion to stay pending appeal.

Dated: May 29, 2014

*Ronald M. Whyte*
Ronald M. Whyte
United States District Judge