Neel Chatterjee (SBN 173985)
*NChatterjee@goodwinlaw.com*
Michael T. Jones (SBN 290660)
*MJones@goodwinlaw.com*
Andrew S. Ong (SBN 267889)
*AOng@goodwinlaw.com*
Nish S. Hossain (SBN 307832)
*NHossain@goodwinlaw.com*
**GOODWIN PROCTER LLP**
135 Commonwealth Drive
Menlo Park, California 94025-1105
Tel.: +1 650 752 3100
Fax.: +1 650 853 1038

Attorneys for Defendant
Indian Institute of Technology Kharagpur

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MANDANA D. FARHANG, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>INDIAN INSTITUTE OF TECHNOLOGY KHARAGPUR, et al.,<br><br>　　　　Defendants. | Civil Action No. 3:08-cv-02658-WHO<br><br>**DEFENDANT IIT'S OPPOSITION TO PLAINTIFF'S ADMINISTRATIVE MOTION RELATING TO REMOTE DEPOSITION PROCEDURES**<br><br>Judge:　　Honorable William H. Orrick |

## I. INTRODUCTION

Defendant Indian Institute of Technology Kharagpur ("IIT") respectfully requests that the Court deny Plaintiff M.A. Mobile Ltd.'s ("Plaintiff") administrative motion relating to procedure for remote depositions in India.[1] *See* Dkt. No. 538.

As the Court may recall, there are two depositions of witnesses in India set to be taken in this matter. Plaintiff has unilaterally decided that it is appropriate to take the videoconference depositions of these two IIT witnesses in Kolkata, India on November 14th and 16th with no court reporter and no videographer present before the witnesses. Rather, Plaintiff revealed for the first time on November 6th in revised deposition notices that it seeks to have the reporter and videographer with Plaintiff's counsel in San Francisco.[2] This procedure fails to comply with Federal Rule of Civil Procedure 30, particularly because there will be no proper deposition officer present in Kolkata. *See* Fed. R. Civ. P. 28(b)(1)(C). IIT never agreed or stipulated to such a procedure. *See* Fed. R. Civ. P. 30(b)(4).

## II. BACKGROUND

Over one month ago, IIT agreed to make two witnesses available for deposition in Kolkata, India. The parties subsequently agreed that Plaintiff's counsel could take the depositions on November 14th and 16th via videoconference from San Francisco, though IIT's counsel would be flying to Kolkata to attend the depositions live. ***Two of IIT's counsel are flying to Kolkata today for the depositions.*** Given that fact, any suggestion that IIT is trying to delay these depositions rings hollow. In preparation for the depositions, IIT offered on more than one occasion—in person following the last status conference, via email on September 26th, and on at least one subsequent call—to put Plaintiff's counsel in contact with its vendors to assist with various deposition logistics, such as a location, a court reporter, and/or a videographer. Plaintiff never accepted any of those offers.

---

[1] IIT submits this opposition instead of its portion of a joint letter brief because Plaintiff, without notice, filed its administrative motion at 12:10 a.m. on Thursday, November 9th. Plaintiff's counsel had indicated by email that he would file after 9:00 a.m. on Thursday, but instead filed with no input from IIT.

[2] Plaintiff's original deposition subpoenas served in August made no mention of this procedure.

On November 6th, just eight days before the first deposition and just before IIT's counsel was to travel to India for the depositions, Plaintiff for the first time revealed its intention to have the videographer and court reporter present in San Francisco rather than with the witnesses in Kolkata. IIT never agreed to this procedure, nor did it stipulate to the procedure.[3] IIT promptly objected to Plaintiff's proposed deposition procedure and served its objections. After IIT made its objection, Plaintiff stated it was amenable to finding a court reporter in India, and, at the request of Plaintiff's counsel, IIT's counsel sent an email providing a suggested vendor's contact information. Just three hours later, Plaintiff responded to say that it was not possible to get a videographer and court reporter, and that it would be requesting relief from the Court.

IIT has contacted its vendors to attempt to find a court reporter who can go to India for these depositions on short notice. Given that IIT's counsel is already on the way to Kolkata, IIT also believes immediate resolution of this issue is necessary.[4]

## III. ARGUMENT

Contrary to Plaintiff's assertions, IIT never agreed to Plaintiff's proposed procedure. Indeed, such a proposal was never discussed. As noted above, IIT actually made various offers to provide Plaintiff with information regarding vendors in India to assist with logistics. Moreover, IIT has never signed a stipulation agreeing to the procedure, as required by the Federal Rules. *See* Fed. R. Civ. P. 30(b)(4) ("*By Remote Means*. The parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote means."). Nor would it, as Plaintiff's procedure fails to comply with the Federal Rules for at least two different reasons.

*First*, Plaintiff will not have a proper deposition officer at the examination location in Kolkata. Federal Rule of Civil Procedure 28(b)(1)(C) provides: "A deposition may be taken in a

---

[3] Each one of IIT's counsel of record is willing to submit a declaration under oath on this point. IIT's counsel did not agree, and have never agreed, to having a remote videographer and court reporter and do not recall having any conversations to that effect.

[4] Plaintiff spends part of its motion discussing the scheduling issues of another non-party witness, Gurashish Brar, that is available for deposition in the Bay Area. Mr. Brar is unavailable to appear on the date the parties previously agreed on for his deposition, but has offered to make himself available in the following weeks. While IIT obviously disagrees with Plaintiff's assertions on this front, those scheduling issues are completely irrelevant to the depositions in India and, thus, IIT will not address them any further.

1  foreign country . . . on notice, before a person authorized to administer oaths either by federal law or
2  by the law in the place of examination[.]"  District courts in the Ninth Circuit have interpreted this
3  Rule to require that the court reporter (or person administering the oath) must be in the same place as
4  the witness *and* must be authorized to administer the oath in the place the deposition is being held.
5  *See, e.g.*, *Viveros v. Donahoe*, No. CV 10-08593 MMM (EX), 2012 WL 12883966, at *7 (C.D. Cal.
6  May 22, 2012) ("[C]ourts have routinely interpreted Rule 28(b)(1) to mean that *the person who*
7  *administers the oath must be in the same location as the witness, and must be authorized to*
8  *administer oaths where the examination in held*.") (citations omitted) (emphasis added); *Kauffman*
9  *v. Equifax Info. Servs., LLC*, No. CV 14-148-BLG-DLC, 2015 WL 6142888, at *2 (D. Mont. Oct.
10 16, 2015) (stating that having the witness and the official administering oath located in the same
11 place "is particularly important because *the person administering the oath must not only verify the*
12 *deponent's identity, but also be authorized to administer oaths in the place where the deposition is*
13 *held*") (citations omitted) (emphasis added).
14      A court reporter in San Francisco transcribing a deposition taking place in Kolkata, India
15 cannot satisfy either of these Rule 28 requirements.  The reporter would not be in the same location
16 as the witness.  The reporter would also not be authorized to administer oaths in India.[5]  These
17 requirements do not appear to be waivable.
18      *Second*, Plaintiff's procedure would result in an awkward and distorted recording of the
19 depositions, in violation of Rule 30(b)(5)(B).  *See* Fed. R. Civ. P. 30(b)(5)(B) (requiring that the
20 deposition officer ensure that "[t]he deponent's and attorneys' appearance or demeanor *must not be*
21 *distorted through recording techniques*") (emphasis added).  This problem exists for both the
22 videographer and the court reporter.  For example, Plaintiff proposes having a videographer in San
23 Francisco record a videoconference screen of witnesses testifying in India.  Not only are there no
24 guarantees as to sound or picture quality, the concept of videotaping another video screen is

---

[5] Plaintiff suggests that the Court can commission a court reporter to administer any necessary oath. *See* Dkt. No. 538 at 5.  Even accepting Plaintiff's argument, the Rule requires that the witness be "before" such a person commissioned by the Court. *See* Fed. R. Civ. P. 28(b)(1)(D) (". . . before a person commissioned by the court to administer any necessary oath and take testimony").  As noted above, "before" requires the witness to be in the same location as the person authorized to administer the oath.  Plaintiff's reporter will not be in Kolkata.

extremely clumsy in and of itself.  There would of course be no such issues with a videographer recording the deposition live in Kolkata.  As to the court reporter, both witnesses speak English only as a second language, have fairly thick Indian accents, and talk quickly.  Many of the names are long, Indian names.  Further, many of the concepts in this case are complex and may be hard to follow.  These issues, as well as technical issues which may arise associated with a videoconference occurring halfway around the world, make transcription over a videoconference even more cumbersome and less accurate.

## IV.     CONCLUSION

For the reasons stated above, IIT respectfully requests that the Court order Plaintiff to comply with the requirements of Rule 30(b) for the depositions in India as scheduled.  Specifically, IIT respectfully submits that Plaintiff should be required to provide a court reporter and a videographer at the deposition location in India.  To the extent the Court permits Plaintiff to move forward with its unorthodox deposition procedure because IIT counsel is already in transit, IIT requests that the Court issue an order (1) prohibiting Plaintiff from challenging any changes to the transcript that are made following witness review, (2) holding that IIT has preserved, and is permitted to raise later, all objections to Plaintiff's use of the deposition testimony for any purpose, including for impeachment, in light of the fact that the parties never agreed upon the procedure, and (3) that videography of the deposition not occur.  Finally, if IIT locates a court reporter and videographer that can attend the depositions, Plaintiff should be required to pay their costs.

//

//

//

| | | |
|---|---|---|
| 1 | Dated:  November 9, 2017 | Respectfully submitted, |
| 2 | | Defendant Indian Institute of Technology Kharagpur |
| 3 | | |
| 4 | | By its attorneys, |
| 5 | | /s/ Michael T. Jones |
| | | Neel Chatterjee (SBN 173985) |
| | | *NChatterjee@goodwinlaw.com* |
| 6 | | Michael T. Jones (SBN 661336) |
| | | *MJones@goodwinlaw.com* |
| 7 | | Andrew S. Ong (SBN 267889) |
| | | *AOng@goodwinlaw.com* |
| 8 | | Nish S. Hossain (SBN 307832) |
| | | *NHossain@goodwinlaw.com* |
| 9 | | GOODWIN PROCTER LLP |
| | | 135 Commonwealth Drive |
| 10 | | Menlo Park, California 94025-1105 |
| | | Tel.: +1 650 752 3100 |
| 11 | | Fax.: +1 650 853 1038 |

6

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of California by using the CM/ECF system on **November 9, 2017**. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed on **November 9, 2017**.

                                                               /s/ Michael T. Jones
                                                               MICHAEL T. JONES