UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.A. MOBILE LTD., <br><br> Plaintiff, <br><br> v. <br><br> INDIAN INSTITUTE OF TECHNOLOGY KHARAGPUR, et al., <br><br> Defendants. | Case No. 3:08-cv-02658-WHO <br><br> **ORDER ON MOTIONS FOR WRIT OF EXECUTION, CONTEMPT, SEALING** <br><br> Re: Dkt. Nos. 705, 706, 708 |

Defendant Indian Institute of Technology, Kharagpur ("IIT") previously requested a writ of execution, a debtor examination, and sanctions against plaintiff M.A. Mobile LTD for its failure to pay a judgment. I denied M.A. Mobile a stay of the imposition of those costs pending appeal, Dkt. No. 688, but deferred ruling on the motions until the Ninth Circuit resolved all appeals, Dkt. No. 700. I granted IIT's motion on December 3, 2020, after the appeals resolved. Dkt. No. 704. In that order, I granted the writ of execution and permitted a judgment debtor examination as overseen by a Magistrate Judge. I directed IIT to submit a revised proposed order that updated the amount of interest to which it was entitled. I permitted IIT to submit a request for attorney's fees and costs associated with the application for writ of execution because M.A. Mobile willfully failed to pay the bill of costs, despite being denied a stay. I also ordered M.A. Mobile to show cause within fourteen days why it should not be held in contempt for choosing not to pay.

I. **WRIT OF EXECUTION**

IIT has submitted its revised proposed order updating the amount of interest it is owed on the writ of execution. The taxed cost was $39,706.51 and IIT assesses the interest owed as $651.07. I previously granted the motion for a writ of execution and debtor examination. *See* FED. R. CIV. P. 69(a)(1). This matter will be REFERRED to a Magistrate Judge to oversee the

execution, including the debtor examination.

## II. CONTEMPT OF COURT

M.A. Mobile has not responded to the order to show cause why it should not be held in contempt for failing to pay what it indisputably owed. Accordingly, for its willful failure to pay the costs that were taxed, I hold it in CONTEMPT OF COURT. *See Inst. of Cetacean Research v. Sea Shepherd Conservation Soc'y*, 774 F.3d 935, 945 (9th Cir. 2014) ("Civil contempt consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply.") (internal quotation marks, citation, and formatting omitted).

Without M.A. Mobile's contemptuous behavior, IIT would not have incurred attorney's fees to recover what was owed. In its motion, IIT details the many steps it took to recover prior to moving for these sanctions. *See* Dkt. No. 708; *see also* Dkt. No. 699. Accordingly, IIT's motion for attorney's fees is GRANTED IN PART as a compensatory contempt sanction. *See Gen. Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1380 (9th Cir. 1986). I will reduce IIT's requested sanction of $19,522 by $4,535. Dkt. No. 708 at 2. That amount represents half of the loadstar for attorneys Chatterjee and Jones, the attorneys with the highest billing rates. *See id.* at 3. There was no need for those with such high billing rates to help draft this straightforward application. The amounts billed are otherwise reasonable according to the prevailing market rate in this district given the nature of this matter and the attorneys' skill and experience. As a result, I will SANCTION M.A. Mobile $14,987 in attorney's fees.

## III. MOTION TO SEAL

IIT moves to seal the total amount of attorney fees it requests and the billing rates of its attorneys. Dkt. No. 706. The motion is DENIED.

Courts "start with a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). When a party seeks to seal judicial records—like those here—connected to motions that are not related or only tangentially related to the merits, it must demonstrate "good cause" to do so. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096–99 (9th Cir. 2016). "When ruling on a motion to seal court records, the district court must balance the competing interests of the public and the party seeking

to seal judicial records." *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012). This district's local rules require that requests to seal be "narrowly tailored to seek sealing only of sealable material." Civ. L. R. 79-5(b).

IIT's counsel argues that its timekeepers' hourly rates are confidential and could prejudice the firm in negotiations with potential clients. Dkt. No. 706-1. This conclusory argument does not demonstrate sufficient good cause. Attorney billing rates are routinely and uncontroversially included in motions and judicial orders. The total figure owed is integral to understanding this order. That interest outweighs whatever speculative disadvantage the firm believes it will be placed at from revealing billing rates for five particular timekeepers completing one particular type of motion in one particular proceeding.

The only case IIT relies on redacted "rates paid for the services of contract attorneys, staff attorneys, and a contract paralegal." *In re Anthem, Inc. Data Breach Litig.*, No. 15-MD-02617-LHK, 2018 WL 3067783, at *2 (N.D. Cal. Mar. 16, 2018). But rates paid to contractors implicate two confidentiality concerns not present here. First, they reveal details of negotiated financial arrangements between the firm and contractors for *their* services, a classic type of sealable information. Here, again, the information sought to be redacted is garden variety hourly rates for attorneys within the firm. Second, the information in *Anthem* shed light on individuals' salaries in a way that internal attorney billing rates do not. This aside, the movant in *Anthem* did not seek to seal the total amounts owed as IIT seeks to do. *Id.*

Consequently, IIT is ORDERED to file versions of the documents it has submitted under seal in connection with these motions with no redactions within fourteen days.

**IT IS SO ORDERED.**

Dated: January 4, 2021

William H. Orrick
United States District Judge

3