UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.A. MOBILE LTD.,<br><br>        Plaintiff,<br><br>   v.<br><br>INDIAN INSTITUTE OF TECHNOLOGY KHARAGPUR, et al.,<br><br>        Defendants. | Case No. 3:08-cv-02658-WHO<br><br>**ORDER DENYING RELIEF**<br>Re: Dkt. Nos. 713, 714, 715 |

  I have received a letter from plaintiff M.A. Mobile's Ltd.'s CEO that, liberally construed, requests relief from a contempt finding. The letter is not a proper filing and any relief is DENIED.

  On September 5, 2019, I granted summary judgment to and entered judgment for defendant Indian Institute of Technology, Kharagpur ("IIT"). Dkt. Nos. 655, 656. On May 22, 2020, IIT applied for a writ of execution on that judgment. Dkt. No. 699. I deferred ruling on the application while M.A. Mobile's appeal was pending before the Ninth Circuit. Dkt. No. 700. The Ninth Circuit eventually dismissed the appeal for failure to prosecute. Dkt. Nos. 701, 702. Accordingly, I granted the application for a writ of execution. Dkt. No. 704. On IIT's motion, I issued an order to show cause why M.A. Mobile should not be held in contempt for its willful failure to pay the costs assessed. *Id.* M.A. Mobile had fourteen days to respond but did not; I waited a month after my order to show cause but, in light of the failure to pay costs and M.A. Mobile's failure to respond, I held it in contempt of court. Dkt. No. 711.

  Three days after that contempt finding, M.A. Mobile CEO Mandana Farhang purported to respond on the company's behalf by improperly emailing a letter to my courtroom deputy. The letter was posted on the docket by the court, not Farhang. Dkt. No. 713. In that letter, Farhang said that M.A. Mobile did not have counsel "in the District Court" and that she had "been in

Africa since October." *Id.* As a result, she claims that she was unaware of the orders on the writ of execution or order to show cause. *Id.* She said that her former counsel, whom I previously asked to forward ECF notifications after his withdrawal from the case, had not sent her the notifications. *Id.* Farhang claims that, because of her location, she is not able to access case filings "in a timely fashion" or retain counsel for M.A. Mobile. *Id.* Farhang instead says that she "will contact [opposing counsel] upon my return to America and at that time, I will fully cooperate with them to set the hearing dates that the Court deems are necessary to resolve the current situation." *Id.*

A letter from a corporate CEO emailed to a courtroom deputy is not a proper filing. If the letter is construed as a request for relief, it must be made by motion according to the Local Rules. Additionally, M.A. Mobile is not permitted to proceed pro se. *See* CIVIL L.R. 3-9(b). The submission therefore has no effect.

Even if the letter was a proper filing and liberally construed, I would not grant relief. Parties are not permitted to unilaterally halt proceedings by choosing to leave the country. It is not up to Farhang to declare that the case may proceed only "upon [her] return to America." The judgment that forms the basis for the writ of execution was rendered while M.A. Mobile *was* represented. Consideration of the writ of execution was deferred pending an appeal for which M.A. Mobile also appears to have retained counsel. Farhang claims that she left for Africa in October 2020, after I deferred ruling on the writ of execution. She was aware then that the application would be ruled upon when the appeal was resolved. M.A. Mobile failed to pay the costs assessed; the writ of execution was merely the mechanism to enforce the judgment.

Farhang admits that she was forwarded Dkt. No. 708, IIT's motion for attorney fees, which laid out all of the relevant history. *See* Dkt. No. 713. She claims that she became aware of that motion on December 18, 2020, and emailed IIT's counsel about the matter. *Id.* December 18 was one day after the deadline I set to respond to the order to show cause but it was three weeks before I ultimately held M.A. Mobile in contempt—yet M.A. Mobile did not attempt to file anything until after that order was entered.

Aside from all this, M.A. Mobile has known for a year that it must retain counsel. It knew

the dispute was live because it appealed my orders. For whatever reason, M.A. Mobile made the choice not to retain counsel. Nor did it request to stay proceedings while it diligently searched for counsel, if it did. It is nonsensical to think that M.A. Mobile was "unable to retain counsel prior to [Farhang's] departure from California," Dkt. No. 713, given that prior counsel withdrew in December 2019 and Farhang claims she left the country in October 2020. Fundamentally, Farhang and M.A. Mobile cannot delay a case that they initiated twelve years ago simply by choosing not to retain counsel for a year and leaving the country for some nebulous period.

As a result, I ORDER as follows:

1. No relief shall be granted based on the improper letter. The proceedings for the writ of execution will not be stayed. If M.A. Mobile retains counsel, it may of course make any appropriate, non-frivolous filing.
2. Counsel for IIT shall promptly email a copy of this order to the same email address they corresponded with Farhang on. Counsel is not obligated to do more than provide the order.
3. My courtroom deputy shall promptly email a copy of this order to the same email address from which Farhang submitted her improper letter.
4. M.A. Mobile's former counsel, Sanjiv Singh, is relieved of any obligation he had to forward ECF notifications. *See* Dkt. No. 714 (Singh describing his efforts and requesting relief). I thank Mr. Singh for his efforts.
5. IIT's administrative motion for guidance about how to respond to the letter, Dkt. No. 715, is dismissed as moot.

**IT IS SO ORDERED.**

Dated: January 10, 2021

William H. Orrick
United States District Judge